STATE OF MISSOURI *ex rel.* ALEXANDER A. LESUEUR, Plaintiff, v. GREENE COUNTY BANK, Respondent; E. H. GRABILL *et al.*, Receivers, Appellants.

St. Louis Court of Appeals, March 9, 1897.

Receivers, Compensation of: JUDICIAL DISCRETION, ABUSE OF. While receivers are officers of the court, and their compensation largely within its discretion, its judgment will be reversed for an abuse of that discretion.

*Appeal from the Greene Circuit Court.*—HON. J. T. NEVILLE, Judge.

REVERSED AND REMANDED (*with directions*).

*James R. Vaughan* for appellants.

In ascertaining the amount due in the settlement of the receivers, it was necessary to go over the entire account in the same manner as upon the settlement of a curator or administrator, and the powers to be exercised by the court are in the nature of those of a chancellor, and all the evidence will be considered, and such

judgment given as the entire record requires. *In re Estate of Meeker*, 45 Mo. App. 186, 194; *Finley v. Schlueter*, 54 *Id.* 455. See, also, *Ollesheimer v. Mfg. Co.*, 44 Mo. App. 172, 176; *Coquard v. Pendergrast*, 35 *Id.* 237; *Gilbert v. Gilbert*, 33 *Id.* 259.

Upon such hearing the appellate court will render such judgment as the evidence requires, or as the trial court should have rendered. *McElroy v. Maxwell*, 101 Mo. 294.

The court erred in admitting, over the receivers' objections, the testimony of Jezzard, Cowan, and others, who did not qualify as experts. *Riley v. Sparks Bros.*, 52 Mo. App. 575; *Turner v. Haar*, 114 Mo. 335.

A judge with knowledge of facts which control his opinion about a matter, might be said to be prejudiced within the meaning of the statute. R. S. 1889, sec. 2258, *et seq*. But if not prejudiced, he is certainly disqualified to act, within the meaning of section 3323, R. S. 1889.

A judge can not testify upon the trial of a case before himself and a jury. *Rogers v. State*, 60 Ark. 76; *People v. Dobsing*, 59 N. Y. 374; *Roy v. Horsly*, 25 Am. Rep. 540. See, also, *State v. Gaymon*, 31 L. R. A. 484.

In arriving at the amount to be paid, the responsibilities assumed, skill and labor expended, and the degree of difficulty or facility experienced by appellants, should be considered. *Thompson v. Lumber Co.*, 32 Pac. Rep. 536; 2 Beach, Eq. Prac. 729.

The question of allowance, though a judicial one, and left to the discretion of the court, is not discretionary in the sense that the courts are at liberty to give something less than a just and fair compensation. *Trust Co. v. R'y*, 32 Fed. Rep. 188.

In many states, in the absence of a statute, the courts allow the same compensation as that allowed

executors aad administrators. *Greeley v. Bank*, 103 Mo. 212, 219. See, also, *Cowdry v. R. R.*, 1 Woods, 345; *Pusey v. Clemson*, 9 S. & R. 209; *Burkholder's Appeal*, 94 Pa. St. 522; Burr. on Assign., p. 674; R. S. Ohio, 1890, sec. 6357.

*Goode & Cravens* for respondent.

In the absence of any statute in this state regulating receivers' compensation, the matter is left entirely to the determination of the court from which they derive their appointment. Beach on Rec., sec. 758; High on Rec. [2 Ed.], sec. 781; *Greeley v. Bank*, 103 Mo. 212; *Gardner v. Tyler*, 3 Key. 505; *McGee v. Cowperthwaite*, 10 Ala. 966; *Stretch v. Gowdy*, 3 Tenn. Ch. 565.

If knowledge of the facts disqualified a judge, the compensation would always have to be awarded by some other person than the one who made the appointment, and under whose orders the receiver acted. *Morgan v. Hardee*, 71 Ga. 736; *Trustees v. Greenough*, 105 U. S. 527; *Stewart v. Boulware*, 133 U. S. 78; 20 Am. & Eng. Ency. Law, p. 184.

The idea of percentage on the funds collected by a receiver as a basis of compensation is fallacious. The court will only allow what would be reasonable for a person of ordinary ability who performed the work. Beach on Rec., sec. 759; *Greeley v. Bank, supra; Grant v. Bryan*, 101 Mass. —; *Jones v. Keen*, 115 *Id.* 170.

BLAND, P. J.—On the petition of the attorney general, the Greene County Bank was placed in the hands of receivers, and Grabill and Clements were, by the judge of Greene county circuit court, appointed receivers thereof, and as such took charge of and administered its assets. On May 27, 1896, they filed their

final report as such receivers, and prayed the court to make a reasonable allowance for their services, and asked that $3,000 be allowed as compensation. The court, after hearing the evidence, allowed them the sum of $1,200 as appears from the following entry of its judgment: "I have been all through this thing from beginning, and was there at the time and appointed these parties and outside of the evidence in the case know a good deal about all the facts. Every week, and sometimes daily, my attention has been called to the business of the bank, and I know about what they have done. I know all the circumstances, and a great deal more than any other person about the appointment of these receivers from the fact that I had private conversations about that time with pretty near everybody interested, except Mr. Grabill; I never talked with him. It was unsatisfactory at the time to some of the parties interested in this matter that these two receivers should be appointed. I knew it at the time, and made the appointments knowing it. I never have been sorry for it and am not sorry now. I never have seen, in what business I have done with receivers and assignees, work expedited or business done in a more complete and satisfactory manner with businesslike ability than has been done in this case. These receivers were at the time cashier and assistant cashier of the bank, who were working on salaries, and it was the misfortune of all the stockholders for this bank to go into liquidation. They didn't quit any business to take this receivership. No other receiver in my opinion could have done the work in any such businesslike manner from the fact that he would not have known anything about the condition of the assets and he could not have talked face to face with the parties indebted to the bank and repudiated false claims and statements that would have been made by other parties. As to

the compensation, I am going to allow these receivers $600 each; I think that is fair and reasonable to all parties concerned. I would have done this without any evidence and without any statement. The receivers, neither one of them, have ever said a word to me about what they should have and considering it, think this reasonable and right." From this judgment the receivers duly appealed to this court.

The evidence disclosed that the total amount of assets that came into the hands of the receivers, was $190,117.10; that of this amount $63,203.95 was in real estate; that they collected on sundry amounts, bills, etc., due the bank, $75,503.05, and disbursed in payment of taxes, deposits, etc., due from the bank, $73,387.06, and had on hand at the date of their final report, cash, $2,115.99; uncollected notes and discounts, $41,272.92; real estate, $63,203.95. Before entering upon their duties as receivers they executed a bond in the sum of $100,000, approved by the court, for the faithful performance of their duties. They were engaged ten months with the affairs of the bank as receivers. The evidence tended to show that they were not kept employed all the time as receivers, but its affairs required the daily attendance of one or both at the office of the bank, and that they had consultations over all the important business transactions concerning the affairs of the bank. The weight of the testimony as to the value of the services of these receivers place it at from $2,500 to $3,000. The entry of the judgment in the case shows that the learned judge, who heard the evidence and made the allowance, was more influenced by his personal knowledge of the matter, than by the testimony of the witnesses as to the value of the services of these assignees. It is true that they were officers of the court and that their com-

COMPENSATION of receivers: abuse of judicial discretion.

pensation was largely in the discretion of the court, but this discretion should not be arbitrarily exercised, and in total disregard of the evidence of competent and credible witnesses. The evidence of the witnesses as to the value of these services seems to have been wholly disregarded by the court. The learned judge seems to have treated these assignees as mere clerks and to have allowed them only clerk hire as compensation. This was an erroneous view of their duties, and an unwise exercise of the discretion of the court, and one which we can not uphold.

This being in the nature of an equitable proceeding, we shall proceed to do in this court, what the evidence indicates should have been done in the court below,— that is, to allow the appellants such a sum as will, under the evidence, fairly compensate them for their services. We think that under all the evidence in this case $2,500 is a reasonable sum for the compensation of these two receivers, and that sum will be allowed here.

The judgment is reversed and the cause remanded, with directions to the trial court to set aside its judgment, and to enter judgment allowing appellants the sum of $2,500 in full for all their services as receivers of the Greene County Bank. It is so ordered. All concur.