IN RE ASSIGNED ESTATE OF CITIZENS' BANK OF WILLOW SPRINGS, A. MULLINS, Assignee, Appellant, v. L. M. CATRON, Objector, Respondent.

**St. Louis Court of Appeals, February 7, 1899.**

Receiver's Compensation: DISCRETION OF TRIAL COURT. In the absence of a statute regulating the fees and compensation of receivers, the matter is left entirely to the determination of the court from which the assignee derives his appointment, and the allowance of such court will not be disturbed, unless the trial court has arbitrarily, and in total disregard of the evidence, allowed a sum grossly inadequate to compensate the assignee for his services.

*Appeal from the Howell Circuit Court.*—HON. W. N. EVANS, Judge.

AFFIRMED.

JOHN C. BROWN for appellant.

The court erred in refusing to allow the assignee the sum of $760 for his time, services and traveling expenses in administering the estate of said Citizens' Bank, and in wholly disregarding the evidence of appellant's witness proving the value of appellant's services. State ex rel. Lesueur v. Greene County Bank, 69 Mo. App. 536.

ORCHARD & HINES for respondent.

There being no statute in Missouri regulating the fees and compensation of receivers in this state, matter is left entirely to the determination of the court from which the assignee derives his appointment.    Beach on Rec., sec. 578;

High on Rec. [2 Ed.], sec. 781; Greely v. Bank, 103 Mo. 212; Gardner v. Tylor, 3 Ky. 505; McGee v. Comperthwait, 10 Ala. 966; Stretch v. Gowdy, 3 Tenn. Ch. 565. The court will only allow what is a reasonable compensation for the services performed. Beach on Rec., sec. 759; Greely v. Bank, 103 Mo. 212; Jones v. Keen, 115 Mass. 170. So in this case the court, from which the appellant derived his authority to act, has passed on the fees to be allowed him, and we think under the weight of authorities the finding should stand.

BLAND, P. J.—The Citizens' Bank of Willow Springs (a banking corporation) assigned its effects to appellant for the benefit of its creditors. The assets of the insolvent consisted of cash, notes, accounts and sundry items aggregating $19,328.44; the cash item was $55.25; the assignee in the course of fifteen months administration realized from all the assets, including the cash item, $7,631.29; on final settlement he showed that he had lawfully and properly paid out all the cash he had received, except $853.27; from this sum he asked to have appropriated $100 for payment of a balance of attorneys' fees, which he claimed he owed, and further asked that he be allowed $760 as compensation for his services as assignee. Objections were made to these claims by a creditor of the bank, and the court after hearing the evidence offered, allowed the assignee $50 for additional attorneys' fees; $50 to the assignee for traveling expenses in attending court in behalf of the assigned estate, and $400 as compensation for his services, and ordered him to distribute to the creditors the balance of $350.27; from this order the assignee duly appealed.

It is insisted with a good deal of earnestness that this court review the order of the circuit court and allow the assignee for his compensation the amount claimed by him,

$760. In the absence of a statute regulating the fees and compensation of receivers, the matter is left entirely to the determination of the court from which the assignee derives his appointment (Beach on Receivers, sec. 578), and the allowance will not be disturbed, unless the trial court has arbitrarily and in total disregard of the evidence, allowed a sum grossly inadequate to compensate the assignee for his services. State ex rel. v. Greene County Bank, 69 Mo. App. 536. The evidence in the record is meager and imparts but little information as to the value of the services of the assignee. His testimony is that about two thirds of his time was absorbed by his duties as assignee. Witnesses Orchard, Livingston and Hogan estimated the value of appellant's services at from $500 to $600. The amount allowed him was on the basis of the compensation allowed by the statute to executors and administrators for like services, in the collection and disbursement of the assets of the estate of deceased persons. There is nothing in the record to indicate that the assignee was put to more trouble or expended more time in the administration of the assets of the bank than is ordinarily incident to the administration of assets of a like quality and character by an administrator or executor; nor is any valid ground shown why the assignee should receive more compensation than would an administrator or executor for like services, and the allowance was within the discretion of the learned trial judge, and nothing appearing to indicate an abuse of that discretion, the judgment is affirmed. All concur.