NEWELL CATES, ADM'R OF WILLIAM SNADON, Respondent, *v.* THOMAS NICKELL, Appellant.

1. *Promissory Note — Verdict — Judgment.*— In an action upon a promissory note, where the answer simply denied the execution of the note, and the cause was submitted to the jury, it was their duty, under the provisions of Gen. Stat. 1865, chap. 169, §§ 21 and 26, not simply to find a general verdict for plaintiff, but also to assess the amount due upon the judgment; and the court is not authorized to invade the province of the jury, and, in case of a general verdict by them, to proceed to ascertain the amount due upon the note and render judgment thereon.

## *Appeal from Dade Circuit Court.*

*T. A. Sherwood*, for appellant.

I. The verdict did not support the judgment, and was not in conformity to the provisions of the statute in such cases. (Gen. Stat. 1865, pp. 674–5, §§ 21, 26 ; Dysart's Adm'r v. Austin *et al.*, 36 Mo. 47, and cases cited ; Branstetter v. Rives *et al.*, 34 Mo. 318, and cases there cited.)

*Lindenbower*, and *Bray*, for respondent.

I. If a judgment upon a promissory note be irregular for lack of assessment of plaintiff's damage by the jury, yet it is such an

irregularity or omission as does not prejudice the defendant, and will not be sufficient to reverse the case. (Gen. Stat. 1865, p. 671, § 19; 15 Mo. 115.)

FAGG, Judge, delivered the opinion of the court

This action was instituted, in the Dade Circuit Court, upon a promissory note. The answer simply denied the execution of the note, and, the cause being submitted to a jury, the following verdict was rendered: "We, the jury, find the issue in favor of the plaintiff." The jury being thereupon discharged, the court proceeded to ascertain the amount then due upon the note, including principal and interest, and rendered judgment for the same. Upon an appeal to the District Court, this judgment was affirmed, and the defendant, Nickell, has again taken an appeal to this court.

The sufficiency of the verdict to authorize the judgment of the Circuit Court is the only question presented by the record. Gen. Stat. 1865, chap. 169, §§ 21 and 26, contain the provisions by which this question must be determined. The first directs that " in every issue for the recovery of money only, or specific real or personal property, the jury shall render a general verdict." The next provides as follows: " When a verdict shall be found for the plaintiff, in an action for the recovery of money only, the jury shall also assess the amount of the recovery," etc. It is plain that the jury must make a finding upon all the issues presented by the pleadings. All the facts necessary to support the judgment must be found, and the court is not authorized to invade the province of the jury in this respect.

The action here is for the recovery of money only, and the general verdict finding the issue for the plaintiff was only a part of the duty absolutely imposed by the statute upon the jury.

The assessment of the amount of the recovery to which the plaintiff was entitled could only be made upon a finding of the facts shown by the evidence in the cause, and is not necessarily the amount alleged to be due in the petition. It is insisted, on the part of the respondent, that this irregularity is of such a character as not to affect prejudicially the rights of the defendant below.

There is no warrant for any such conclusion.

The amount of the debt due at the time was not passed upon by the jurors, and this could only be done by them as the triers of the fact. The note upon which the suit was brought is not to be taken as conclusive evidence of the amount due, and the court could not assume that fact from the general verdict rendered. The recognition of such a practice as this, we think, would open the door to innumerable errors and irregularities. These can be easily avoided by following, in all cases, the plain and obvious meaning of, the statute.

The judgment of the District Court must be reversed and the cause remanded to the Dade Circuit Court. The other judges concur.