JOHN VANDERLINE, Defendant in Error, v. THOMAS R. SMITH, Administrator of ALEXANDER S. BROOKS, Deceased, Plaintiff in Error.

### Kansas City Court of Appeals, May 25, 1885.

1. PLEADING—FAILURE TO REPLY—EFFECT OF GOING TO TRIAL WITHOUT OBJECTING.—There is no difference in legal effect, as to waiving the necessity of a reply, in going before a jury with the issues; and submitting the case to the court on an agreed statement, for the latter stands as a special verdict, and the court simply applies the law arising thereon. It pre-supposes that the issues have been settled and the evidence passed upon. *Barden v. St. L. Mut. Ins. Co.*, 3 Mo. App. 248. It is too late to take advantage of this omission after trial and verdict. *Young v. Glasscock*, 79 Mo. 579.

2. ATTORNEY-AT-LAW—POWERS OF AS TO EXECUTE A DISCHARGE OF A DEBTOR.—In general the law is, that an attorney-at-law has no authority to execute any discharge of a debtor but upon the actual payment of the full amount of the debt and that in money only; and in such case payment to the attorney is payment to the client. Weeks' Att'ys., sect. 219, 232, p. 401. But without express author-

ization the attorney cannot receive anything but money in payment of a debt entrusted to him for collection; nor can he receive his own or another person's note in payment of a debt placed in his hands for collection; nor can he bind his client by an agreement to set off his own debt in part payment of a debt due to the client. *Chambers v. Miller*, 7 Watts 63; *Nolan v. Jackson*, 16 Illinois 272. "The mutual assent of *all three parties* is necessary to make an effectual novation or substitution." 1 Parsons on Contracts, 217.

ERROR to Buchanan Circuit Court, HON. SILAS WOODSON, J.

*Affirmed.*

The facts sufficiently appear in the opinion.

VINTON PIKE, for plaintiff in error.

I.   It is only where the parties go to trial before the country, as though the issues tendered by answer were joined, that defendant will not be permitted after trial to take advantage of the plaintiff's failure to file a reply. Here the case was submitted on the record, the petition and answer and the stipulation as to a part of the facts. By the declaration of law asked the attention of the court was pointedly called to the condition of the pleadings; the plea of payment not being traversed, stood admitted upon the record.

II.   The plaintiff admits that his authorized agent had from the defendant all the money due upon the notes and delivered up the notes as paid; but denies that these facts constitute a payment. *Beardsley v. Boyd*, 37 Mo. 180. The agreed facts put money enough in Green's hand to pay the notes. This money was a trust fund and is presumed to have continued intact until applied to these notes. *Peak v. Ellicot*, 30 Kansas 156. It is too late now to deny the attorney's authority.

WM. E. SHERWOOD, for defendant in error.

I.   Green, a lawyer, was entrusted with two notes belonging to Vanderline for collection against Brooks. G. owed B. and they undertook to settle it with V.'s notes, *without V.'s consent or knowledge.* This *was not bind-*

*ing* on V., who was not a party to it directly or indirectly. 1 Parsons on Cont., p. 219.

II. *There is no issue* that G. was to use the *identical* money B. had previously entrusted him with to pay for B. on another indebtedness, but which G. misdirected. Such defence does not appear of record. Therefore, *Peak v. Ellicot*, 30 Kansas 156, is not applicable here.

III. When the record does not show a reply to have been filed, the court will presume one to have been filed. It is too late to object after trial. This is the rule in a jury trial, but an agreed statement of facts is a special verdict and why should there be a different ruling. K. C. Court of Appeals, opinion by Ellison, J.; 17 Kansas 173; 42 Indiana 15.

Opinion by PHILIPS, P. J.

In October, 1874, Alex. S. Brooks executed to plaintiff two promissory notes due in sixty and ninety days. This suit is to recover on said notes. The answer, after a general denial, pleads payment. The record does not show that any replication was filed to this new matter, The case was submitted to the court on the following agreed statement of facts:

"1. That after said notes mentioned in the petition became due, and long before the commencement of this suit, plaintiff put the notes in the hands of George D. Green, a licensed attorney of this state, and practicing at this bar, for collection.

"2. That prior to the time said Green presented said notes to defendant for payment, the defendant had given said Green certain sums of money, amounting in the aggregate to a sum equal to the amount of the notes, to be applied by the said Green in payment of an obligation of defendant; that said Green did not so apply said money as directed by defendant; that afterwards defendant paid off said obligation with other money, and prior to the presentation of the said notes for payment; that when said notes were presented defendant and said Green agreed to apply that amount of money to the payment of the notes in this suit, and said Green thereupon

gave up said notes to defendant and receipted in full
against said notes to defendant ; said notes were presented
after the payment of the other debt by defendant ; and
that plaintiff has never heard, until the institution of this
suit, that defendant, Brooks, had possession of said notes,
or that they had ever been settled with said Green in
any manner.''

The defendant then asked the court to declare the law
to be : '' That under the pleadings and facts in the stipu-
lated statement, plaintiff is not entitled to judgment, and
the judgment must be for the defendant.'' The court
refused to so declare the law, and rendered judgment in
favor of the plaintiff. From this judgment defendant
duly prosecutes this writ of error.

Since suing out the writ of error the defendant,.
Brooks, has died intestate, and the case has been revived
in the name of Thomas R. Smith as his administrator.

1. The first contention of defendant is, that the
instruction asked by him should have been given, because
the plaintiff failed to reply to the plea of payment made
in the answer, whereby the same stood admitted. The
learned counsel for defendant, recognizing the decis-
ions of the supreme court bearing upon the prac-
tice in this respect, ingeniously seeks to evade them by
suggesting that it is only where the parties go to trial
before the country, as though the issues tendered by the
answer were duly joined, that defendant after trial will
be held to have waived the necessity of a reply. We do
not perceive any solid reason for such distinction. The
parties, instead of going before the triers of the facts,
waived a jury and submitted the case to the court on an
agreed statement. This stands as a special verdict, and the
court simply applies the law arising thereon. *Munford
v. Walker*, 15 Mo. 540 ; *White v. Walker*, 22 Mo. 433 ;.
*State v. Adair*, 55 Mo. 55 ; *Henri v. Grand Lodge, etc.*,
59 Mo. 581 ; *Gage v. Gates*, 62 Mo. 412. It pre-supposes
that the issues have been settled and the evidence passed
upon. *Barden v. St. L. Mut. L. Ins. Co.*, 3 Mo. App. 248.
Logically, therefore, the case cannot differ in princi-
ple from a trial before a jury and a verdict before the

defendant raises any question as to the absence of a replication. The proper time to take advantage of the want of a replication is by a motion to *non pros.* the plaintiff, or upon the trial to have asked that the allegations of the answer be taken as true. It is too late to seek advantage of this omission after trial and verdict. *Howell v. Reynolds County,* 51 Mo. 156 ; *The St. Jos. F. & M. Ins. Co. v. Harlan,* 72 Mo. 203 ; *Young v. Glasscock,* 79 Mo. 579, 580.

2. On the merits of this controversy the single question is, does the agreed statement show such a payment of the notes to Green as would discharge the debtor ? There is no question as to the correctness of the general proposition that when the creditor places in the hands of an attorney notes for collection, that a payment to the attorney will discharge the debt. The attorney in such instance is the special agent of the creditor. As such agent the party dealing with him must, however, take notice of the limitations which the law imposes upon his office. In general, the law is, that the attorney "has no authority to execute any discharge of a debtor, but upon the actual payment of the full amount of the debt, and that in money only." Weeks' Attys., sect. 219. This author (sect. 232, pp. 401, 402) further lays down the rule as follows: "An attorney has authority, by virtue of his general retainer, to demand and receive payment of his client's money, and payment to the attorney is payment to the client. But no rule is better established than that, without express authorization, the attorney cannot receive anything but money in payment of a debt intrusted to him for collection. He has no authority to receive a draft for money due, and if it proves worthless the client is not bound by his reception of it in lieu of money ; nor can he receive his own or another person's note in payment of a debt placed in his hands for collection. He cannot bind his client by an agreement to set off his own debt in part payment of a debt due to the client. It must be a payment of money, or if not, it must be accepted by the client in lieu of money, or the attorney must have special authority to receive it."

The text is fully sustained by the adjudications cited. Applying these rules to the admitted facts, we are of opinion that the judgment of the circuit court must be sustained. An analysis of the statement shows that defendant never did pay over to Green any money for the plaintiff. The only money ever delivered by him to Green was to be applied to the liquidation of "an obligation of defendant" to some other creditor. Green failed to carry out that trust, and the defendant had to pay off that obligation with other money. This, then, simply left Green debtor to defendant for the amount of this trust fund ; and this was the status of the parties when Green received and presented for payment the notes of plaintiff. The defendant did not then, nor at other time, place in Green's hands any money to be applied to the payment of these notes. But he and Green "agreed to apply that *amount* of money to the payment of the notes in suit." Stripped of its delicacy of statement, and reduced *in puris naturalibus*, Green simply undertook to discharge his debt to Brooks by agreeing to pay to plaintiff what he owed to defendant. As such the transaction was an attempt to "bind his client by an agreement to set off his own debt in payment of a debt due the client." The authorities say he cannot do this. *Chambers v. Miller*, 7 Watts. 63 ; *Child v. Dwight*, 1 Dev. & Bat. Eq. (N. C.) 176 ; *Cook et al. v. Bloodgood*, 7 Ala. 684 ; *Commissioner v. Rote*, 1 Dessen Eq. 469 ; *Nolan v. Jackson*, 16 Ill. 272.

In short, it was an effort at novation, which could not affect or bind the plaintiff because he was not a party, nor did he assent thereto. "The mutual assent of all three parties seems to be necessary to make it an effectual novation, or substitution ; for so long as the debtor has made no promise, or come under no obligation to the party in whose favor the order is given, it is a mere mandate which the creditor may revoke at his pleasure." 1 Par. Cont. 217, 220-1 ; *Murphy v. Hanrahan*, 50 Wis. 485-489 ; *Trimble v. Strother*, 25 Ohio St. 378 ; *Durham v. Bishop*, 47 Ind. 211. The agreed statement recites : "That plaintiff has never heard until the

institution of this suit, that defendant, Brooks, had possession of said notes, or that they had ever been settled with Green in any manner.''

3. We are referred by defendant's counsel to *Peak v. Ellicott*, 30 Kansas 156. That case simply holds, that where the debtor actually pays over to the agent of the creditor money to go in satisfaction of the debt, but the fund is not so applied, the funds in the hands of the payee is a trust fund held to the use of the debtor, which he may follow into the hands of the assignee of the principal. But that is not this case. Brooks never paid over to the agent any money for plaintiff as such which could be followed anywhere as a specific fund. He merely undertook, by agreement with Green, to discharge his debt to plaintiff by having Green pay plaintiff what Green owed defendant. The defendant had his recourse on Green for what Green owed him and failed to pay over to plaintiff.

4. Criticism is made by counsel on the conduct of plaintiff in waiting so long without making demand on defendant or Green for the money. Whether he ever made demand on Green or not is not stated. Demand would have been available only as a defence to Green if the plaintiff had sued him for the money. But how can this avail the defendant in this action? He paid Green no money for this plaintiff, without which he has no defence to plaintiff's suit.

How can the delay of the plaintiff in bringing this action avail the defendant? If relied on as an estoppel, or as laches, it is not available because he has not pleaded it. *Blount v. Noble*, 77 Mo. 235, 242 and cit. No laches by way of lapse of time, short of the statutory period of ten years, will avail the debtor in the absence of countervailing circumstances evoking some principle of equitable estoppel. *Kelly v. Hurt* 61 Mo. 466; *Same v. Same*, 74 Mo. 561.

There are no countervailing circumstances pleaded or proved in this case. The defendant does not appear to have altered his situation by reason of any act of the plaintiff. It is not even averred or stated that Green is

insolvent. But on the contrary it is affirmativly stated and admitted that plaintiff was entirely ignorant of the arrangement between defendant and Green until the institution of this suit.

The judgment of the circuit court must be affirmed. All concur.