J. R. OWEN, Appellant, v. V. N. BRAY et al., Defendants; C. R. CARDWELL, Respondent.

### St. Louis Court of Appeals, May 9, 1899.

1. **Action on Promissory Note :** SURETY: EXTENSION OF TIME.  In the case at bar the evidence tends to show a positive contract for an additional credit and that the agreement was made upon a sufficient consideration and without the consent of the surety. Held, that these facts, if true, released the surety.

2. ———: ———: ———: EVIDENCE: PRACTICE, TRIAL.  In the case at bar the court did not err in refusing to allow the entries in the general blotter to be read in evidence as they were not original entries.

*Appeal from the Greene Circuit Court.*—HON. JAMES T. NEVILLE, Judge.

AFFIRMED.

W. O. MEAD and T. T. LOY for appellant.

There is no evidence of a contract for the extension of the time of payment of the note sued on between Bray, the principal in the note, and bank and the instruction asked by the plaintiff should have been given.  The second instruction given on behalf of the defendant was not justified by the facts and should have been refused.  The memorandum book of Bray, admitted in evidence, is not competent and should have

been excluded. The court erred in excluding the bank book offered in evidence by the plaintiff.

No points and authorities filed for respondent.

BIGGS, J.—This action originated before a justice of the peace. The suit is on a promissory note executed by the defendant Bray as principal and by the defendant Cardwell as surety. Bray made no defense and judgment was taken against him by the justice. Cardwell claimed to be released by reason of an alleged extension of the time for paying the note, and of which he claimed to have no knowledge. He made good the defense both before the justice and in the circuit court. The plaintiff has brought the case here by appeal.

The assignment that there is no substantial evidence of a valid agreement for the extension of time for the payment of the note must be overruled. The note is dated October 4, 1893, was due in four months from its date, and is made payable to A. B. Crawford, cashier of the American National Bank. The note came into the hands of the plaintiff several years after its maturity. Bray testified that at the maturity of the note, to wit, February 3, 1894, he paid the interest in advance for four months, and that Crawford then agreed to give four months additional time for the payment of the note. Cardwell testified that he knew nothing of this agreement and supposed that the note had been paid, until a short time prior to the institution of the suit, to wit, on the twenty-fourth day of May, 1898. This evidence tends to show a positive contract for an additional credit, and that the agreement was made upon a sufficient consideration and without the consent of Cardwell. These facts, if true, released Cardwell. Stillwell v. Aaron, 69 Mo. App. 539; St. Joseph Fire & Marine Ins. Co. v. Hauck, 71 Mo. 465; Merchants Ins. Co. v. Hauck, 83 Mo. 21; Bank v. Moorman, 38 Mo. App. 484; Bank v. Gardner, 57 Mo. App. 268; Bank v. Wood, 56 Mo. App. 214.

SURETY released.

Crawford appeared as a witness for plaintiff. He testified that he made no contract with Bray in reference to the note, and he denied that Bray paid the interest on the note on the third of February, 1894. With the view of corroborating his testimony as to the alleged payment of the interest, the plaintiff offered in evidence a book kept by the American National Bank, known as the "general blotter." This book contained a compendium of the business transacted daily by the bank, including that of February 3, 1894. Crawford testified that the book showed aggregates merely and not individual items, that is it showed the total amount received on deposit, the total amount paid in checks, and the total amount received on the interest and exchange account. He further testified that the totals were taken from smaller blotters which were missing, and that the entries were originally made in those books, and that they showed the individual items. We think it quite clear that the circuit court did right in refusing to allow the entries in the general blotter to be read in evidence. They were not original entries. Anchor Milling Co. v. Walsh, 108 Mo. 277.

With the concurrence of the other judges the judgment of the circuit court will be affirmed. It is so ordered.