FRANK LEDERER, Respondent, v. G. G. MORROW et al., Appellants.

**Kansas City Court of Appeals, June 29, 1908.**

1. **EVIDENCE: Account Books: Corporation: Admission: Agency.** In an action against the officers of a corporation for fraudulent representation as to the value of the stock the books of the company whether of original entry or not are competent if made by the proper agents of the corporation who are thereby. the agents of the officers.

2. ———: **Fraudulent Representations: Damages: Verdict: Instruction.** In an action for damages for fraudulent representations as to the value of the corporation stock where the uncontradicted evidence shows how much money plaintiff had paid and how much money they had received in the insolvency proceedings, the question of the amount of damages still remains for the jury and it is error for the court to tell the jury to find the difference between the money paid and the money received; and cases holding that instructions assuming uncontradicted facts are not reversible error, have no application.

Appeal from Barton Circuit Court.—*Hon. Levin Wilcoxen Shaffer,* Judge.

REVERSED AND REMANDED.

*W. D. Tatlow* and *W. C. Moore* for appellant.

(1)    The books of account read in evidence, over the objections of appellant were improperly admitted. They were shown by the plaintiff's witnesses not to be books of original entry.    Owen v. Bray et al., 80 Mo. App. 526; Milling Co. v. Walsh, 108 Mo. 277; Gregory v. Jones, 101 Mo. App. 270; Hill v. Johnson, 38 Mo. App. 394; Martin v. Nichols, 54 Mo. App. 597, and

authorities cited. (2) The books objected to were not made nor kept by appellant and he had nothing whatever to do with making them or any of the entries in them, and as to appellant they were inadmissible, and should have been excluded. (3) The court erred in giving the peremptory instruction as to the measure of damages. This is an action for damages, unliquidated—and the appellant was entitled to have the jury pass upon and assess the amount. R. S. 1899, sec. 726. (4) That the court cannot invade the province of the jury and arbitrarily take from their consideration and fix the amount of damages, has been held again and again in this State. Guelbreth v. Watson, 8 Mo. 663; Farwell v. Kennett, 7 Mo. 595; Pratt v. Corl, 9 Mo. 163; Burghart v. Brown, 60 Mo. 24; Cates v. Nickell, 42 Mo. 169; Gannon v. Gas Co., 145 Mo. 516, et seq; Poulson v. Collier, 18 Mo. App. 604; Dawson v. Wombles, 111 Mo. App. 532; Connelly v. Railroad, 120 Mo. App. 661. Especially is this true when, as in this case, the measure of damages is unliquidated and not the difference between the sum paid and the amount received from the bankruptcy court as instructed by the court. Bank v. Byers, 139 Mo. 627; Hitchcock v. Baughan, 36 Mo. App. 224; Anslyn v. Frank, 8 Mo. App. 242; Brown v. Weldon, 27 Mo. App. 251.

*H. W. Timmonds* and *O. T. Hamlin* for respondent.

(1) The books were offered in evidence as admissions of indebtedness and to show the condition of the shirt company on the 13th day of September, 1906, and were competent. Steam Stone Cutting Co. v. Scott, 157 Mo. 526; Knapp v. Trust Co., 199 Mo. 670. (2) The issue on trial in this case was the bona fides of the transaction between appellant, Morrow and respondent and the general condition of the shirt company, and whether the statements made by appellant and Morrow were true, the books of the shirt company

were competent.    2 Ency. of Evidence, 665, 669, 671. They are admissible against appellant because he was. an officer and a director.    2 Ency. of Evidence, 667, 678;. Zang v. Wyant, 56 Pac. 565; Alling v. Wenzell, 27 Ill. App. 511; Dows v. Naper, 91 Ill. 44; Buffington v. Railroad, 3 Pen. and W. (Pa.) 71.    (3) The court did not err in giving instruction number 1, requested by plaintiff.    As to the amount paid by respondent, all parties admit it was five hundred dollars, so the court properly instructed the jury on the measure of damages. . Wolff v. Campbell, 110 Mo. 114.    (4) But if the court should hold that the trial court erred in mentioning the sum of four hundred, eighty dollars in said instruction, yet said error was harmless and is not reversible, because there was no dispute as to the five hundred dollars having been paid, and twenty dollars of it repaid by the trustee in bankruptcy.    All parties admit it.    Caldwell v. Stephens et al., 57 Mo. 589; Mauerman v. Siemerts, 71 Mo. 101; Sheridan v. Forsee, 106 Mo. App. 485; McLean Admr'x v. Kansas City, 100 Mo. App. 625; Parks v. Railroad, 178 Mo. 108; Rounds v. Coburn, 107 S. W. 1080; Turner v. Railroad, 114 Mo. App. 539; Bordeaux v. Hartman, 115 Mo. App. 256.

BROADDUS, P. J.—This is an action based upon the alleged fraudulent acts of the defendants.    In September and prior thereto of the year 1906, there was a corporation in Springfield, Missouri, doing business under the name of the Springfield Shirt Company engaged in the manufacture of shirts of which defendant Morrow was president and general manager, the defendant McCammon was vice-president, and one Humphreys a stockholder owning three shares of stock. Plaintiff alleges that said defendants represented to him that said stock was worth more than par, and that the company was in good condition and had $1,800, in its treasury to be distributed as dividends; that defend-

ants also requested plaintiff to buy two other shares
of stock in said company, which they agreed to issue
and deliver to him; that relying upon the representa-
tions of defendants he bought the three shares of said
Humphreys paying him $300 for them and also paid
to defendants as officers of the company the sum of
$200, for two other shares and defendants agreed to
have the three shares of Humphreys transferred on the
books of the company to him and to deliver to him two
other shares of said stock, but that they failed to do
either. Plaintiff alleges that the representations of
the defendants as to the solvency of said company, and
that there was $1,800 in its treasury to be distributed
as dividends, was untrue and known to the defendants
to be untrue; and that it was not true that said stock
was of par value. He seeks to recover back as damages
the $500, paid as aforesaid. The evidence of plaintiff
tended to show that the company was insolvent at the
time and in January following it was adjudged bank-
rupt, and that defendants by reason of their connection
with the company must have known of its condition at
the date of his purchase of said stocks. On the con-
trary the defendants introduced evidence tending to
show that the company was solvent at the time men-
tioned, and that they were acting on such belief.

The plaintiff introduced the books of the company
to show its condition to which defendants objected be-
cause they were not shown to be the books of original
entry and were not made and kept by defendants. They
were shown to have been transcribed from other books
and not made at the time of the various transactions.
The plaintiff introduced W. L. Hardy the secretary and
treasurer of the company. The defendants on cross-
examination showed by the witness that he had advanced
to the company, the sum of about $5,300 by way of loan,
and defendant McCammon loaned it more than that
sum. He was then asked if at the time he made the

loan did he believe the corporation was solvent. Plaintiff objected to the offer, which the court sustained. It was shown that plaintiff received from the assets of the bankrupt corporation $20 as his pro rata share of the funds realized from its assets. The verdict and judgment were for plaintiff in the sum of $508. The defendant McCammon alone appealed.

It is claimed that the court committed error in the admission of the books in question, they not being a record of original entries and not made by defendants. In Owen v. Bray, 80 Mo. App. 526, the books offered in evidence made by a third party not being original entries were held properly excluded by the trial court. See also, Milling Co. v. Walsh, 108 Mo. 277. In Gregory v. Jones, 101 Mo. App. 270, it is held that the evidence was not admissible, under section 4652, Revised Statutes 1899, where the party testifying had the book of original entries and failed to produce them. And there are other Missouri cases of like import. But we think the rule is otherwise applied to the books received in evidence in this case. It is held in Steam Stone Cutting Co. v. Scott, 157 Mo. 526, where the suit was against the defendants as stockholders in a dissolved corporation on three notes issued by the corporation that the books of the concern showing balances and values of certain property was competent evidence as admissions of defendants on the point in dispute. The case of Zang v. Wyant (Col.), 56 Pac. 565, was a suit against stockholders of a certain corporation under the double liability clause, wherein it was held; that it was only necessary to show that they were the books kept in regular course of its business and that the entries were made by an agent authorized to make them. "In an action by a depositor in a bank against a stockholder, the ledger of the bank, though not a book of original entries, is competent testimony against the stockholder as an admission of the company, on its

own books of the amount due the depositor." [Dows v. Naper, 91 Ill. 44.] It is a general rule that entries in partnership books made in the ordinary course of business are admissible in actions in favor of third persons against partners. [2 Ency. of Evidence, p. 666.] The books received in evidence under the rule were certainly admissible as against defendants both being stockholders, directors and officers of the corporation, because made by its secretary the agent of the corporation and agent as such of defendants.

The court instructed the jury if they found for the plaintiff they would assess his damages at the sum of $480 and in their discretion might give him interest at six per cent from the 13th day of September, 1906. The defendant insists that in giving the instruction, the court invaded the province of the jury. There are numerous cases which decide: "When a verdict shall be found for plaintiff in an action for the recovery of money only the jury shall also assess the amount of the recovery, etc." [Burghart v. Brown, 60 Mo. 24; Cates v. Nickell, 42 Mo. 169; Dawson v. Wombles, 111 Mo. App. 532; Connelly v. Railroad, 120 Mo. App. 652.] Plaintiff has called our attention to other cases to the effect that if an instruction assumes an uncontradicted fact; it is immaterial and not reversible error. But they have no application here as the error assigned is of a different character. It is the direction of the court to find a verdict for plaintiff for $480, in damages. The suit was for the recovery of money only as damages for the alleged fraud. Under the statute the duty of fixing the amount of recovery was for the jury. The cases mentioned we think are conclusive of the question.

Reversed and remanded. All concur.