McCORMICK HARVESTING MACHINE COMPANY, Respondent, v. JOSEPH H. BLAIR, Appellant.

St. Louis Court of Appeals, March 3, 1914.

1. **BILLS AND NOTES: Alteration: Right to Recover Upon Original Consideration.** Although a promissory note which has been materially altered is void, yet where the alteration was not made with a fraudulent intent, the promisee may recover upon the original consideration.

2. **RES ADJUDICATA: Matters Concluded.** In an action on a promissory note and on the original indebtedness for which the note was given, defended on the theory that the note was void because it had been materially altered, where, at plaintiff's re-

181 App. 38

Machine Co. v. Blair.

quest, a verdict was directed for defendant on the note and for plaintiff on the original indebtedness, and the judgment entered thereon was, on defendant's appeal, reversed and the cause remanded for a retrial on the count founded on the indebtedness, *res adjudicata* was not available as a defense as to such count; the original verdict and judgment being a bar only to further action on the note, and plaintiff having a right to recover on the original indebtedness, notwithstanding the alteration of the note, provided it was not made with fraudulent intent.

3. **SALES: Evidence: Admissibility of Written Order.** In an action for the balance due on the purchase price of a machine, *held* that the written order executed by defendant in connection with the purchase of the machine was admissible in evidence.

4. **PLEADING: Admissions: Matters Concluded.** In an action for the purchase price of a machine, the point made by defendant, that plaintiff was not entitled to recover because its agent, who sold the machine, made a charge therefor against defendant on his books, as though the debt were payable to him, was not tenable, in view of the fact that the answer expressly admitted that defendant purchased the machine in question from plaintiff.

5. **VERDICTS: Computation of Interest by Court: Appellate Practice: Harmless Error.** Although section 1993, Revised Statutes 1909, provides that when a verdict shall be found for plaintiff, in an action for the recovery of money only, the jury shall assess the amount of the recovery, an instruction, in an action for the recovery of money, which directed the jury that, in the event they found for plaintiff, they should award him interest in a certain sum, was harmless error, in view of the fact that the interest was correctly computed, and hence should not work a reversal of the judgment, under section 2082, Revised Statutes 1909.

6. **TRIAL PRACTICE: Argument of Counsel: Opening and Closing: Discretion of Court.** The determination as to which counsel shall have the opening and closing argument rests largely in the discretion of the trial court, and although the burden is on defendant, the action of the trial court in permitting plaintiff's counsel to make the opening and closing argument will not be reviewed, on appeal, unless an abuse of discretion appears; and in this case it is *held* that no such abuse appears.

Appeal from Pike Circuit Court.—*Hon. David H. Eby,* Judge.

AFFIRMED.

*J. H. Blair,* appellant, *pro se.*

*R. L. Motley* for respondent.

NORTONI, J.—This is a suit for the balance due on the purchase price of a harvesting machine. Plaintiff recovered and defendant prosecutes the appeal. The purchase of the machine is admitted and so, too, is the indebtedness sued for, but defendant insists he may not be required to respond for the balance due on the purchase price because plaintiff fraudulently altered without his consent, certain notes given therefor.

It appears defendant purchased the harvesting machine from plaintiff in the summer of 1902 at the agreed price of $105. A few months thereafter he executed to plaintiff his three promissory notes for $35 each to cover the indebtedness contracted in purchasing the machine. By their terms, the first note fell due September 1, 1903, the second note, September 1, 1904, and the third note, September 1, 1905. Although the notes were actually executed in October, 1902, they were antedated as of June 23 of that year, at Bowling Green, Missouri. The first note was paid when due and the other two were sued upon in separate counts of the petition before us, which contains a third count as well upon the original consideration—that is, for the balance due thereon. Defendant denied liability on the notes, for the reason, as he asserted, that they had been materially altered by plaintiff without his knowledge or consent, after their execution. The alteration consisted, it is said, in changing the phraseology of the notes so as to make them draw interest from and after September 1, 1903, whereas they should draw interest only from and after maturity—that is, the second note from September 1, 1904, and the third note from September 1, 1905. A former trial of the case proceeded on the three counts of the petition, and at the conclusion of all of the evidence, plaintiff requested the court

to direct a verdict for defendant on the notes and for it on the third count of the petition—that is, on the count in assumpsit for the balance due on the original consideration. The court so peremptorily instructed the jury and a verdict was accordingly awarded for plaintiff thereon.

This instruction was requested and given at the former trial on the theory that it was essential for plaintiff to surrender and cancel the notes in court before it was entitled to recover on the third count on the original consideration. Such was a proper course of procedure under the authorities in this State, as will appear by reference to the opinion in the former appeal. [See McCormick Mach. Co. v. Blair, 146 Mo. App. 374, 124 S. W. 49.] Upon reviewing the proceedings had on the former trial, this court reversed the judgment and remanded the case for further proceedings on the third count of the petition alone—that is to say, on the count declaring upon the original indebtedness for which the notes so canceled were given. On the former appeal, we declared the rule of decision in this State to be, with respect to notes executed before the passage of the negotiable instrument statutes, that, although any alteration in a promissory note made by the holder thereof, without the knowledge or consent of the maker, would operate to defeat the holder's right to recover on the notes, the right of recovery on the original consideration is precluded only upon its appearing that the alteration was both material and fraudulent. It is said the right to recover on the original consideration in such cases is dependent upon whether the alteration of the note was innocently made without any intent to defraud, or was made with a fraudulent purpose. Where the written instrument is altered without any fraudulent intent, although the writing is avoided, a promisee may recover upon the original consideration. [See Harvesting Mach. Co. v. Blair, 146 Mo. App. 374, 124 S. W. 49.] The case

was remanded to be tried on the third count of the petition declaring upon the original consideration for the balance due on the harvesting machine for an ascertainment as to whether or not the notes, if altered, were designedly changed with a fraudulent purpose. It appears from the record of the trial now under review that this question was submitted by instructions given at the instance of both parties, and the jury found the fact to be that, though the notes were altered, no fraudulent intent obtained. It is unnecessary to review the instructions touching this matter, for they are full and clear concerning it.

Defendant's principal point on the present appeal pertains to a defense of *res adjudicata* set forth in both his first and second amended answers but which was stricken out of each by the court on plaintiff's motion. In view of the doctrine above adverted to, to the effect that one may sue for the original consideration by surrendering the notes at the trial for cancellation, and in view of the fact that plaintiff at the former trial requested the court to instruct the jury to find against it on the notes but for it on the third count of the petition, we said on the former appeal the notes· had therefore passed into the realm of *res adjudicata.* Such was merely remarked with respect to the notes themselves, for, obviously, no suit could be maintained thereon after they were thus voluntarily canceled by surrender in court, under the rule of decision which declares such surrender, under such circumstances, to be a cancellation of the notes, though the debt continues to exist. It is on what was said concerning this matter the question of *res adjudicata* is sought to be invoked in defendant's first and second amended answers which defense the court struck out on motion. From a reading of the opinion on the prior appeal (see Harvesting Mach. Co. v. Blair, 146 Mo. App. 374, 124 S. W. 49), it appears clear that, though the notes themselves were said to have passed into the realm of *res*

*adjudicata,* the original consideration for such notes had not so passed, for it was expressly reserved from the operation of the rule and, indeed, the case was remanded to be tried with respect to that subject-matter. The court, therefore, did not err in striking out the defense of *res adjudicata* contained in defendant's answers.

It is urged the court erred in permitting plaintiff to introduce in evidence a written order made by defendant of date June 23, 1902, through which he offered to purchase the harvesting machine and proposed the execution of the notes mentioned in the evidence. Defendant concedes he signed this paper but objected to its being introduced in evidence "because the machine described in said exhibit is a different machine from the one described in plaintiff's petition." The evidence all shows that this order was executed by defendant in connection with the purchase of the identical machine for the balance due on which the suit is prosecuted, and the court did not err in receiving it in evidence.

It appears that defendant purchased the machine from plaintiff's agent at Bowling Green, Mr. J. E. Gibbs, who was a local dealer in harvesting machinery at that place. At the time of the purchase, Mr. Gibbs charged the machine to defendant on his books as though defendant were his debtor and not that of the company. However, the understanding was that defendant should subsequently execute the notes to the plaintiff company therefor. In compliance with this understanding, defendant executed the notes in October directly to plaintiff, McCormick Harvesting Machine Company, and, as before said, they were antedated June 23, 1902. It is urged in the brief here that, because of these facts, the suit may not be maintained by plaintiff machine company on the original consideration, for it is said the debt was charged against defendant by Gibbs, the agent, as if payable to

himself. Obviously this argument is without merit, for whatever method was pursued by the agent, Mr. Gibbs, in keeping the account, the case concedes that defendant was not his debtor but became obligated, through the transaction, directly to plaintiff machine company. Gibbs was but the agent of the machine company and defendant knew this to be true. Indeed, he executed the written order in evidence for the machine directly to the company and, moreover, expressly admits in his answer that he purchased of plaintiff the machine mentioned in the petition. This admission in the answer of itself concludes the matter here.

The amount of indebtedness is in no wise disputed, and the sole defense relied upon was that the notes which had been given on account of it had been fraudulently altered in a material respect so as to inoculate the entire transaction and defeat the right of recovery on the original consideration. The jury were well instructed on this issue in the case and the court instructed, too, that if the jury found for plaintiff they should assess the amount of the recovery at the sum of $70, together with six per cent per annum interest thereon from January 25, 1906, the date of filing the suit, until this date—that is, the date of trial— "and your verdict may be written in the following form: 'We, the jury, find in favor of plaintiff and we assess the amount of its recovery at the sum of Ninety-four & 60/100 dollars.'" It appears from this that the court computed the interest at six per cent and told the jury that if it found for plaintiff to return a verdict for the amount of the balance due, together with such interest. It is argued this was error. Numerous cases are cited to sustain the proposition that the court is not permitted to calculate the interest and instruct the jury the amount of the recovery that may be had in such cases. The statute (Sec. 1993, Revised Statutes 1909) provides that when the verdict shall be found for the plaintiff in an action for the

recovery of money only, the jury shall assess the amount of the recovery. In the early case of Cates v. Nickell, 42 Mo. 169, the Supreme Court construed this statute as forbidding the court to calculate the interest and said it infringed the province of the jury to do so. Numerous authorities since adhere to that rule and judgments have frequently been reversed because of its violation, even though no substantial injury whatever appeared to be entailed thereby. For authorities supporting this view, see Lederer v. Morrow, 132 Mo. App. 438, 111 S. W. 902; Dawson v. Wombles, 111 Mo. App. 532, 86 S. W. 271; Corbitt v. Mooney, 84 Mo. App. 645. But though such be true, a more recent judgment of our Supreme Court proceeds from a broader view, to the end of effectuating the ends of justice. It is, indeed, refreshing to know that we are free from the old-time narrow and technical rule of decision on the question here in judgment. It is obvious that if defendant was indebted to plaintiff at all, under the law, the amount of that indebtedness was $70 balance due on the principal and six per cent interest thereon from the demand of payment. The instruction under consideration treats the date of the filing of the suit as the date of the demand and reckons with interest at six per cent thereafter until the verdict was given. This measure of damage is an accurate one under the statute which awards interest at six per cent in such circumstances. In the recent case of Beekman Lumber Company v. Acme Harvester Co., 215 Mo. 221, 251, 114 S. W. 1087, the Supreme Court considered the question in judgment here and approved a like instruction through invoking another statute, which commands that no judgment is to be reversed unless the appellate court shall believe that error was committed against the appellant materially affecting the merits of the action. This we regard as reflecting a proper and just view of the question here and accordingly overrule the point that the court erred in calculating

the interest for the jury, it appearing as it does, that the calculation was correct and the verdict not excessive.

The court permitted plaintiff's counsel to make both the opening and final argument in the case, and it is urged this was error. There can be no doubt that the burden was on defendant throughout the trial, for plaintiff denies the notes were altered at all, and it may be he should have been permitted to make the opening and closing arguments. But be this as it may, the matter is one largely within the discretion of the trial court and its action concerning it will not be reviewed here except an abuse of such discretion appears. The Supreme Court has recently so declared the rule. [See Cape Girardeau & C. R. Co. v. Blechle, 234 Mo. 471, 483, 484, 485, 137 S. W. 974.] From the record before us, we see nothing which suggests an abuse of discretion on the part of the trial court with respect to this matter. The appeal seems to be without substantial merit. The judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.