W. C. DYER, Defendant in Error, v. JOS. COMBS, Plaintiff in Error.

Kansas City Court of Appeals, February 3, 1896.

1. **Verdict:** CORRECTION: JUDGMENT. Judgment must be entered on the verdict as returned and its amount must be the result of a jury's calculation, and the court can not correct the verdict after the jury has been discharged.

2. **Parties:** MISJOINDER. The point of misjoinder of parties is not well taken on the record in this case and the evidence also fails to show a misjoinder.

3. **Contracts:** SEVERAL. Where a party acts for himself and others and states the amount which each would be responsible for, the parties are several and not joint contractors.

4. ———— : ———— : ORIGINAL: INSTRUCTION. In an action to recover an award where some evidence tends to show that the contract was a several contract of the defendant and others, an instruction should not assume that it was to be paid by the various parties and defendant only to stand good for the money. Moreover, it should submit the question of whether defendant's undertaking was original on his part, though partly for others.

*Error    to    the    Cooper    Circuit    Court.*---HON.   D.   W.
SHACKLEFORD, Judge.

REVERSED AND REMANDED.

   *John    Cosgrove* and *Draffen   &   Williams*   for
appellant.

(1)   ¹The court erred in refusing defendant's third
instruction.    There was evidence tending to show that
defendant, while saying, according to plaintiff's theory,
that he would stand good for the reward, was at most
only to be surety that others who had subscribed, or
intended to subscribe, would pay the amount.    The
promise was not in writing, and even if such promise
was made, the defendant can not be held to answer for
the debt, default, or miscarriage of another person, in
the absence of a written agreement or some note or
memorandum as evidence thereof in writing.    *Bissig
v. Britton,* 59 Mo. 204; *Glass v. Rowe,* 103 Mo. 513;
*Osborn v. Emery,* 51 Mo. App. 408.    (2)    The answer
denied the alleged contract.    It was not necessary that
the statute of frauds should be specially pleaded.    *Lee
v. Porter,* 18 Mo. App. 383: *Bernhart v. Walls,* 29 Mo.
App. 206; *Chilton v. Lindsay,* 38 Mo. App. 52; *Bridge
Association v.  Kleinhoffer,* 40 Mo. App. 390.    (3)
The court should have given instructions 4 and 5
asked by defendant.    The arrest was made jointly by
plaintiff and H. C. Spencer.    There was evidence cer-
tainly tending to prove that they both knew of the
reward and that they together captured Turlington.
*Janvein v. Town of Exeter,* 2 Am. Rep. 185; *Thieman v.
Goodnight,* 17 Mo. App. 429.  (4) The court committed
error in amending the verdict of the jury nearly a
month   after it was returned into court by adding $90
thereto and  rendering  judgment  for  said  amount.

*Poulson v. Collier*, 18 Mo. App. 583, 600, 604; *Cates v. Nickell*, 42 Mo. 169; *Burghart v. Brown*, 60 Mo. 24.

*Geo. P. B. Jackson* for respondent.

(1) The defendant's third instruction was properly refused. The suit was upon the theory of a promise by defendant himself to pay the reward on his own account; and not an attempt to hold him for the default of anyone else. The evidence shows that whatever thought defendant may have had of that kind was abandoned, and that he himself offered the reward. But at all events, he, as one of the partners or associates, was liable for the whole amount as a primary obligation, all of which is contrary to the theory of the refused instruction. (2) Defendant's fourth and fifth instructions were properly refused. There was no evidence tending to prove a joint contract with plaintiff and Simpson. Simpson did not accept the offer made. He did not act jointly with plaintiff, but subordinately to him, and under his direction. He was, for the purpose of the capture, the employee or servant of plaintiff. Unless the objection of defect of parties is made either by demurrer or answer it will be waived. *Gimbel v. Pignero*, 62 Mo. 240; *Butler v. Lanson*, 72 Mo. 227; *Bank v. Gilpin*, 105 Mo. 17; *Bensieck v. Cook*, 110 Mo. 173; *Frank v. St. Louis*, 110 Mo. 516; *Lumber Co. v. Schuler*, 49 Mo. App. 90. There was no error in amending the verdict under the circumstances of this case. *Acton v. Dooley*, 16 Mo. App. 441–447. The court did not attempt to substitute its finding for that of the jury, nor to supply a finding which the jury had omitted to make.

ELLISON, J.—This suit is to recover $500 as a reward alleged to have been offered by defendant. The plaintiff recovered.

The petition alleged, in substance, that the defendant, about November 3, 1890, offered a reward of $500 to any person who would apprehend and arrest one John O. Turlington, who had previously been convicted of murder in the first degree and had since escaped from the jail of Cooper county, Missouri, where he had been confined. That defendant promised and agreed to pay said sum of $500 to any person who would apprehend and arrest said Turlington. That plaintiff accepted said offer and in consideration thereof and relying and acting thereon, did apprehend and arrest said Turlington in the state of Kentucky, on the — day of November, 1890, and returned him to the sheriff of Cooper county, Missouri, and demanded judgment for $500, interest and costs. The answer was a general denial.

The evidence tended to show that defendant authorized the sheriff of Cooper county, in addition to rewards already offered, to offer a reward of $500 for the arrest and return of Turlington, making the total sum offered $1,300. That the sheriff did offer the additional reward authorized by defendant. That plaintiff discovered Turlington to be in Kentucky and telegraphed to the sheriff asking if there was a reward offered. The sheriff answered: "$1,300 reward. Arrest immediately." That thereupon plaintiff arrested Turlington and he was brought back to this state.

The jury returned the following verdict: "We, the jury, find for the plaintiff. H. T. Hudson, Foreman." Thereupon the court announced to the jury that their verdict was not in form, and that they should state the amount which they found for plaintiff. The judge then stated that he would write a verdict in proper form for them and proceeded to do so, and inquired of the jury how much they had found for the plaintiff,

and thereupon the foreman, in the presence of the other jurors, replied to the judge that they had found for the plaintiff in the amount of the reward sued for, and interest thereon as prayed, and thereupon the court prepared the form of a verdict and the same was signed in open court by said foreman.   The verdict, as thus corrected and signed by the foreman, was as follows: "We, the jury, find for the plaintiff and assess his damages at $500."    But the trial judge, in writing the verdict, inadvertently stated the sum found to be $500, thereby unintentionally omitting the interest, which amounted at that time to $90.

Before the motion for new trial was passed on, and about one month after the verdict was rendered, at the same term, the court, on motion of plaintiff, corrected the verdict, so as to include the interest, and entered judgment for $590.

In so doing, the court committed error.   *Pulson v. Collier*, 18 Mo. App. 604.   The most that can be said in plaintiff's behalf, after the correction made by the judge, is that the jury returned into court a verdict for plaintiff in the sum of $500, the foreman stating, orally, that the jury had found the amount of the claim and interest.   The verdict corrected by the court, signed by the foreman, and adopted by the jury, was only a verdict for $500.   The fact that the judge unintentionally omitted to calculate and insert the amount of the interest, does not aid plaintiff in the least.   The fact remains that the jury never returned a verdict for more than $500.   The verdict upon which the judgment is entered must not only be the verdict returned by the jury, but its amount must be the result of their calculation.   Who will say that if the jury had calculated the interested, they would have found it to be $90?   Or that they would have agreed to it when found to be $90?   To say that because such sum is the

right amount, on a correct computation, therefore the jury ought to have found that sum, and would have agreed to it, is nothing more than saying that as it ought to be the verdict, it must be.

One H. C. Spencer, assisted plaintiff in making the arrest and the point is made by defendant that he was jointly entitled to the reward and should have been a party plaintiff. We think the point is not well taken on the record as presented. Aside from the question whether the misjoiner should not have been taken advantage of by answer, the evidence fails to show that Spencer had any interest in the reward. He states himself that plaintiff, being a constable in Kentucky, summoned him to assist in the arrest. The whole testimony rebuts the idea that Spencer had any claim. In the first instance he took the telegram to plaintiff, so far as appears, as a matter of accommodation. He was then summoned by plaintiff to aid in the arrest.

There was evidence tending to show that defendant did not authorize the offering of the reward for himself alone, but that it was understood that he and others were offering it, he, acting for himself, and the others in talking with the sheriff; and that he stated to the sheriff who the others were, and the amounts which they would give. This would make of these parties several contractors, and each would only be responsible for what he may have subscribed, unless defendant obligated himself for the whole amount and was regarded as the primary debtor.

Instruction number 3, offered by defendant, was properly refused. In the first place, it assumes, or at least its language is subject to the interpretation of assuming, that the reward was to be paid by various parties and that defendant was only "to stand good for the money." Furthermore, it ought to include the pro-

viso whether defendant obligated himself as in an original undertaking on his part, even though it was, in fact, partly for others.

The judgment will be reversed and cause remanded.   All concur.