JOHN B. CORBITT, Respondent, v. WILLIAM MOONEY et al., Appellants.

Kansas City Court of Appeals, June 4, 1900.

1. **Bills and Notes:** PEREMPTORY INSTRUCTION: AMOUNT OF VERDICT. It is the province of the jury to calculate the amount due on the note and the court should not direct the amount of the verdict but to find for the amount of note and interest.

2. **Trial Practice:** EVIDENCE: PROOF OF ADMINISTRATION: INSTRUCTION. Though certain administration papers appear to have been admitted in evidence the record does not show their contents and in the absence of other proof it was error for an instruction to assume that plaintiff was administrator.

3. ———: PROMISSORY NOTE: PAYEE'S DEATH: MAKER'S TESTIMONY: INSTRUCTION. Where the payee of a note in suit is dead, if the maker offers himself as a witness and is excluded by reason of the death, there will be no need to instruct the jury why he can not testify.

4. ———: OPENING AND CLOSING ARGUMENT. The opening and closing argument should be governed by the discretion of the court.

Appeal from the Buchanan Circuit Court.—*Hon. A. M. Woodson*, Judge.

REVERSED AND REMANDED.

*Samuel S. Shull* for appellant.

(1) The jury alone must calculate the interest and assess the damages. Cates, Adm. of Snadon v. Nickell, 42 Mo. 169; Burghart v. Brown, 60 Mo. 24; Dyer v. Combs, 65 Mo. App. 151; Poulson v. Collier, 18 Mo. App. 583. (2) The instruction ignored facts to be found to make plaintiff's case, viz., whether Rhodes was dead and Corbitt was duly appointed and qualified and in charge of his estate and the note sued on. Kennedy v. Klein, 19 Mo. App. 19; Helm v. Helm, 52 Mo. App. 618; Bank v. Wingfield, 68 Mo. App. 335; Chipley v. Leath, 60 Mo. App. 15; Crews v. Lackland, 67 Mo. 619. (3) The failure of Bachman to testify being unexplained to the jury by instruction, must have prejudiced his case. Said instruction was the law, and no harm could have resulted from giving it. (4) It was also error for the court to refuse defendant's counsel the right to make the opening and the closing argument to the jury.

*H. A. Owen* and *Stauber, Crandall & Strop* for respondent.

(1) In this case the amount of the principal and interest was admitted by the answer and there was no issue as to

that matter to submit to the jury. This court in passing on an instruction fixing the amount found no fault with the instruction for that reason. Procter v. Loomis, 35 Mo. App. 482; Bank v. Hatch, 98 Mo. 376; Walker v. Kansas City, 99 Mo. 647; Sweeney v. Cable Co., 150 Mo. 385. (2) And this reasoning applies also to the issues as to the death of Rhodes and the appointment of Corbitt as administrator. (3) The court properly refused instruction "B" asked by appellant because Buchanan was a competent witness as to all matters about which the administrator had testified. R. S. 1899, sec. 4652. (4) While the question of the right to open and close is a matter within the discretion of the trial court and in this case when only one of the issues was admitted the discretion was not "manifestly abused." Reichards v. Ins. Co., 31 Mo. 518; Com. Co. v. Block, 130 Mo. 683.

ELLISON, J.—This is an action on a promissory note for $300 and interest. The judgment in the trial court was for plaintiff.

Defendant was a surety and admitted the execution of the note but claimed that he signed it without any consideration long after it had been executed and delivered to the payee. The court instructed the jury at plaintiff's instance to "find for plaintiff in the sum of five hundred and twenty-two dollars and fifty cents," unless defendant was found to be a surety signing without consideration. It was the province of the jury to calculate the amount due and the court should not have directed what amount the verdict should be. Cates v. Nickell, 42 Mo. 169; Burghart v. Brown, 60 Mo. 24; Dyer v. Coombs, 65 Mo. App. 151; Poulson v. Collier, 18 Mo. App. 583; Ryors v. Prior, 31 Mo. App. 555. It is just as much a violation of the proper practice for the court to first calculate the amount of a note and interest and

then direct the jury to find that amount, as it would be to do so after the jury had found generally for plaintiff without stating an amount. The usual practice in giving a peremptory instruction to find for plaintiff on a promissory note, is to direct a finding for the amount of the note and interest without stating in advance what that amount is.

The record as presented here does not show proof of plaintiff being administrator. It appears that on sustaining an objection to oral testimony of plaintiff's appointment; of the inventory, etc., counsel then said he was "willing that the records may be considered in evidence subject to any objections that may be made." But it nowhere appears that the records were produced, or what they contained. Whatever they may have shown is not made to appear in this record. In such state of the record it was error to assume, in instructing the jury, that plaintiff was the administrator.

Defendant complains that the court refused to explain to the jury that the payee of the note being dead the defendant could not testify and that this had a tendency to prejudice the jury. If defendant had offered himself as a witness and he had then been excluded on account of the opposite party being dead, the jury would not have required any further explanation.

The opening and closing of the argument should be governed by the discretion of the trial court.

The judgment will be reversed and the cause remanded. *Smith, P. J.,* concurs; *Gill, J.,* absent.