R. R. CALKINS, Trustee, etc., Respondent, v. FAR-
MERS' AND MECHANICS' BANK, Appellant.

Kansas City Court of Appeals, April 27, 1903.

1. Evidence: ADJUDICATION OF BANKRUPTCY: PREFERENCE:
INTENTION: INSTRUCTION. Where a trustee in bankruptcy is
suing to recover money alleged to have been paid by the bankrupt
as a preference it was proper to admit in evidence the adjudication
of bankruptcy as showing insolvency and intended preference, and
an instruction to the same effect was also proper.

2. ———: BANKRUPTCY: MOTION FOR COSTS: HARMLESS
ERROR. In a proceeding by a trustee in bankruptcy to recover a
preference, it is harmless error at most to admit in evidence the
defendant's motion requiring plaintiff to give security for costs.

3. ———: ———: PREFERENCE: PRESENCE OF DEFENDANT
AT ADJUDICATION: HARMLESS ERROR. In an action by a
trustee in bankruptcy to recover a preference, if it is not necessary
to show that defendant had specific notice of the adjudication, it
is not harmful.

4. Verdict: INTEREST: JUDGMENT. A verdict was for a given
sum at six per cent from a given date. Judgment was entered for
the amount of the verdict with the interest added. Held, reversible
error.

Appeal from Daviess Circuit Court.—*Hon. J. W. Alex-
ander,* Judge.

REVERSED *nisi.*

*Aleshire & Benson* and *Hamilton & Dudley* for ap-
pellant.

(1)   The court erred in permitting plaintiff to in-
troduce in evidence the creditor's bill in bankruptcy
and the order of adjudication thereon by Judge PHILIPS.
Also erred in permitting plaintiff to introduce the evi-
dence of Ed. E. Aleshire showing his presence in St.
Joseph, Missouri, when 'Squire E. Davis was being
examined, and the introduction of the letter from Ed.

E. Aleshire on the same subject.   Glascock v. Railroad, 69 Mo. 589; Griffith v. Hanks, 91 Mo. 109; Stephens v. Railroad, 96 Mo. 207; Durant v. Coal Co., 97 Mo. 62. (2)   Incompetent evidence is presumed to be prejudicial and it is impossible to tell what effect such evidence may have had upon the jury.   The burden is upon respondents to show its innocuous character, and unless so shown the judgment will be reversed. .Dayharsh v. Railroad, 103 Mo. 570; Lumber Co. v. Tie Co., 79 Mo. App. 543; Miles v. Railroad, 76 Mo. App. 484; State v. Taylor, 118 Mo. 161.   (3)   The court erred in permitting plaintiff to read in evidence the motion filed by defendant in the Gentry Circuit Court, requiring plaintiff to give security for costs.   (4)   The latter part of plaintiff's instruction No. 2 is clearly erroneous.   An instruction which assumes the existence of a fact in dispute is erroneous.   Shoe Co. v. Hilig, 70 Mo. App. 301; Linn v. Massillon B. Co., 78 Mo. App. 111; Turner v. Loler, 34 Mo. 461; Wells, v. Zallee 59 Mo. 509; Walters v. Cox, 67 Mo. App. 299; Robertson v. Drane, 100 Mo. 273; Meriwether v. Cable Co., 45 Mo. App. 528; Dulaney v. Sugar R. Co., 42 Mo. App. 659; State v. Wheeler, 79 Mo. 366; Comer v. Tayler, 82 Mo. 341.   (5) The verdict is not responsive to the instructions as it is the duty of the jury in finding a verdict for plaintiff to compute the interest that is due.

*Karnes, New & Krauthoff, W. C. Gillihan* and *Geo. W. Groves* for respondent.

(1)  Plaintiff could not show what was adjudicated in the bankruptcy proceedings against Davis except by introducing in evidence the petition in bankruptcy and adjudication made thereon.   Such evidence is not only competent, but the only way to prove the facts adjudicated by the bankruptcy court.   Rosenfeld v. Siegfried, 91 Mo. App. 169.   The adjudication by itself would simply show that Davis was adjudged a bankrupt; noth-

ing more.  By introducing the petition and adjudication made thereon it was shown that on December 25, 1900, Davis committed an act of bankruptcy by paying the bank.  (2)  Bankruptcy proceedings are proceedings in rem and all creditors are parties thereto and bound by the matter adjudicated therein.  Thornton v. Hogan, 63 Mo. 143; In re American Brewing Co., 112 Fed. 752. (3)  Where fraud is an issue, a court will permit the evidence to take a wider range for the purpose of uncovering all of the facts.  The slightest circumstances are admissible in cases of fraud.  Stewart v. Severance, 43 Mo. 322; In re American Brew. Co., 112 Fed. 752; Landis v. McDonald, 88 Mo. App. 335; In re Elmira Steel Co., 5 Am. Bank. Rep. 484; Trust Co. v. Benbow, 3 Am. Bank. Rep. 9; In re Minnie McGee, 5 Am. Bank. Rep. 262; Johnson v. Wald, 93 Fed. Rep. 640.

ELLISON, J.—This action is by a trustee in bankruptcy to recover back from defendant $1,000 paid to it by 'Squire E. Davis who had been duly adjudged a bankrupt by the Federal court.  The trial court rendered judgment for plaintiff.

It appears that Davis owed defendant a note for $1,000, given June 30, 1900, and due December 30th, of that year.  That on Christmas day, a short time previous to the maturity of the note, Davis and the defendant's officers (cashier and president) together with their respective attorneys had a meeting and conference with reference to this note and to devise means for its payment.  Davis told defendant's officers that he could not pay the note and that he "could not pull through."  The cashier did not know of any property Davis owned except his stock of goods, estimated at $2,500, a small lot of household furniture and his wearing apparel.  He suggested to him to pay the note by selling his stock. That afternoon Davis sold the stock for $1,250, receiving in payment the purchaser's check for that amount and indorsing it over to defendant.  The defendant

cancelled his note and paid him the balance of $250 in currency.

The evidence in the cause is so nearly conclusive against defendant that it was perhaps only out of abundance of caution that the trial court refused the peremptory instruction offered by plaintiff. The foregoing statement does not contain all that was shown by direct statement of fact and by reasonable inference that would lead to the inevitable conclusion that defendant's action in reference to the note was clearly within the terms of the bankrupt law forbidding preferences.

The objections presented here relate principally to the admission of evidence. It is contended that there was error in permitting the fact of the adjudication of bankruptcy to be shown to the jury. It was proper to show this. That adjudication conclusively established that Davis was insolvent and intended a preference in paying the note held by defendant. Landis v. McDonald, 88 Mo. App. 335. It was, therefore, not improper for the court to assume, in instruction number two, that Davis was insolvent and intended a preference; leaving the question of whether defendant's officers had reasonable cause to believe a preference was intended, this was properly submitted.

Another point made for reversal is that the court permitted the introduction of defendant's motion to require plaintiff to give security for costs. This objection is practically disposed of by what we have already said. The evidence was perhaps unimportant, but certainly it was harmless.

It was shown that defendant was present by attorney when the bankruptcy proceedings were had. Without saying that it was necessary to show specific notice of these proceedings, it is enough to say that it was not harmful in this case to show the fact. And if it was a matter necessary to prove, the showing made was proper and sufficient for that purpose.

It seems that the jury found a verdict for plaintiff

without calculating the amount of the interest. It was in the following words: "We the jury find for the plaintiff in the sum of one thousand dollars with interest at the rate of six per cent per annum from the 15th day of March, 1901. E. West, Foreman."

Judgment was entered on this verdict for $1,066.16. The verdict did not authorize such judgment. The clerk in entering the judgment had no authority to calculate the interest. The jury should have done that. Poulson v. Collier, 18 Mo. App. 604; Dyer v. Combs, 65 Mo. App. 148. For this reason the judgment must be reversed and the cause remanded, unless the plaintiff will, within fifteen days, enter a remittitur for $66.16, so as to leave the judgment as though originally entered for $1,000. If this is done the judgment will be affirmed with costs of appeal against plaintiff. All concur.