## BESSIE HINES, by Next Friend, Respondent, v. KANSAS CITY, Appellant.

**Kansas City Court of Appeals, July 2, and October 1, 1906.**

1. MUNICIPAL CORPORATION: Defective Sidewalk: Evidence: Pleading.   A petition for personal injury on a sidewalk averred its want of repair and its rottenness. The plaintiff was hurt by stepping upon or through a rotten board. It was competent for her to testify in reference to the boards being loose or unnailed.

2. ———: ———: ———.   In such action plaintiff could also testify to physical troubles from which she suffered after the injury, though never before.

3. TRIAL AND APPELLATE PRACTICE: Instructions: Invited Error.   Where the appellant objects to the trial court's giving certain instructions asked by the respondent on a certain phase of the case, and thereupon the court refuses such instructions, it cannot complain in the appellate court of a failure to instruct the jury on that phase of the case.

4. APPELLATE PRACTICE: Instructions: Evidence: Verdict: Remittitur.   Where the instructions properly cover the case and the plaintiff's evidence sustains the verdict, the appellate court will decline to order a remittitur.

Appeal from Jackson Circuit Court.—*Hon. Hermann Brumback*, Judge.

AFFIRMED.

*Edwin C. Meservey* and *Francis M. Hayward* for appellant.

(1) The court erred in admitting incompetent evidence on the part of plaintiff, some having no bearing on the issues and other evidence being only conclusions and opinions of the witness, and all being prejudicial to the defendant. Sparr v. Wellman, 11 Mo. 230; Wetherell v. Patterson, 31 Mo. 458. (2) The court erred in submitting to the jury the instruction as to damages without informing them what was negligence authorizing a verdict for plaintiff. Casey v. Hoover, 89 S. W. 330; Magrane v. Railroad, 183 Mo. 119. (3) And without instructing the jury that the city must have either actual or constructive knowledge of the defect and reasonable time thereafter to repair it. Buckley v. Kansas City, 95 Mo. App. 188; Young v. Webb City, 150 Mo. 333; Buckley v. Kansas City, 156 Mo. 16. (4) The court erred in refusing instructions 1 and 2 asked by the defendant. There was evidence covering these instructions. And defendant was entitled to have these facts presented to the jury. Ridens v. Ridens, 29 Mo. 470. (4) The verdict is excessive, for the injury to plaintiff's ankle is not permanent and the trouble to her womb was not caused by the fall, so $1,500 is too great for an injury to the ankle which is not permanent. Bennett v. Bachus Co., 77 Minn. 198; Corcoran v. Railroad, 40 N. Y. Supp. 1117.

*Burnham & Brewster* for respondent.

(1) Any testimony showing the general condition of the walk at the place in question was admissible, as bearing upon the question whether or not the city should have had notice of the unsafe condition of the

walk. This is expressly held in the case of Miller v. Town of Canton, 87 S. W. 98. (2) The court committed no error in permitting plaintiff to testify to her own condition. No one knew better than she, what her condidition was, and no one was better able to describe it to the court. Bragg v. Moberly, 17 Mo. App. 221; Dolan v. Moberly, 17 Mo. App. 436; Roe v. Kansas City, 100 Mo. App. 190. (3) The instruction properly declared the law. The defendant objected to it and the court sustained the objection, and it does not lie in the mouth of the defendant to complain that the court sustained its objection. If any blame is to attach to any one, because this instruction was not given, surely it should not attach to plaintiff but should attach to the defendant, who objected to it.

ELLISON, J.—The plaintiff fell upon one of the defendant's sidewalks and suffered injury to her damage. She brought this action therefor and prevailed in the trial court.

The petition charges that the defendant at a certain designated place negligently permitted its sidewalk to become and remain out of repair, and permitted some of the planks and boards of which it was constructed to become rotten and broken and unnailed, so that there existed holes in the walk. That said boards became loose and uneven, etc. The plaintiff was injured by stepping upon, or "through" a rotten board. Plaintiff was asked as to the condition of the boards with reference to any of them being loose or unnailed. She answered that there were boards not nailed. We can see no possible objection to the evidence. It bore directly in support of the allegations of the petition and of her injury, besides showing the general condition of the walk at that place of which the defendant was charged to have had notice. [Miller v. Canton, 112 Mo. App. 322.]

Objection was made to the plaintiff testifying that she was afflicted with falling of the womb since her injury and that she had not had trouble of that kind prior to that time. We cannot see why she should not have answered that question. The authorities cited by the defendant have no bearing on it.

Objection is made to the failure to define the issues on plaintiff's part in instructions for her. It is said that there is no instruction defining negligence, and none advising the jury that the city should have had notice or knowledge of defect in the sidewalk, and that after such knowledge that there should have been reasonable time to have made repairs. On these subjects there were two proper instructions, prepared and offered by the plaintiff, but the defendant objected to either of them being given and yet contends that one, at least, was wrong. The court sustained the objections by refusing them. If they had been given, as they should have been, there could not have been the criticism now made. To permit the defendant to succeed in convicting the plaintiff, or the trial court, of error which it asked to have committed would be an injustice which we cannot allow.

The instructions given for the defendant covered every phase of the case which was supported by evidence. And when all for either party are considered, there is scarcely a possibility that the jury were misled or confused as to the facts, or misdirected as to the law. Those refused for defendant which were not covered by those given were not supported by the evidence.

We do not feel that we would be justified in ordering a remittitur on account of excessive verdict. It was fifteen hundred dollars; and from plaintiff's standpoint of evidence, which we must accept, since it is sanctioned by the jury, it was not too much. The judgment was for the right party and is affirmed. All concur.