SIZER FORGE COMPANY, Respondent, v. WEBER GAS & GASOLINE ENGINE COMPANY, Appellant.

Kansas City Court of Appeals, January 11, 1909.

1. **TRIAL PRACTICE: Judgment: Instruction: Admission.** In an action on an account with the defense of a counterclaim, at the trial, defendant admitted plaintiff was entitled to judgment for the amount sued for in the petition and the trial proceeded on the counterclaim. The court in instructing the jury to find for the plaintiff stated the exact sum that their verdict should be. *Held*, that on the admissions the instruc-

tion was proper and the cases relied upon by the defendant were not applicable, since by the admission the defendant consented that the judgment should be for that sum.

2. ————: **Sales: Counterclaim: Compliance with Contract: Instruction: Harmless Error.** An instruction requiring defendant to fully comply with the contract of sale to recover on its counterclaim is held harmless if erroneous, especially in view of the other instructions asked and obtained by the defendant.

Appeal from Jackson Circuit Court.—*Hon. James E. Goodrich,* Judge.

AFFIRMED.

*Edwin Camack* and *Karnes, New & Krauthoff* for appellant.

(1) The assessment of the amount of the recovery cannot be done by the court. Cates v. Nickell, 42 Mo. 169; Burghart v. Brown, 60 Mo. 24; Dyer v. Combs, 65 Mo. App. 152; Corbitt v. Mooney, 84 Mo. App. 647; Calkins v. Bank, 99 Mo. App. 513; Dawson v. Wombles, 111 Mo. App. 539; Kroge v. Modern Brotherhood, 126 Mo. App. 706. (2) The court erred in giving the eighth instruction for the plaintiff.

*Lathrop, Morrow, Fox & Moore* for respondent.

(1) On the admission by defendant the amount of judgment was wholly a legal conclusion and it was the duty of the court to fix it. Compton v. Johnson, 19 Mo. App. 88; Clemens v. Knox, 31 Mo. App. 185. (2) All objections to the verdict, being a part of the record proper, are waived and cannot be reviewed where no motion in arrest of judgment was filed. Henderson v. Davis, 74 Mo. App. 1; Saddlery Co. v. Bullock, 86 Mo. App. 89; Warren v. Nickles, 72 Mo. App. 482; Grier v. Strother, 111 Mo. App. 386; Baird v. Baird (Mo.), 113 S. W. 216; Feary v. O'Neill, 149 Mo. 467; Copeland v. Railroad, 175 Mo. 650; Chambers

v. Chester, 172 Mo. 461; Norton v. Kramer, 180 Mo. 536; McKinstry v. Transit Co., 108 Mo. App. 12; Hines v. Kansas City, 120 Mo. App. 190.

ELLISON, J.—Plaintiff and defendant are each corporations, the former of New York and the latter of this State. Plaintiff brought this action on account for "goods, wares and merchandise" sold by it to defendant, amounting in value to $1,160.40. Defendant's answer set up a counter claim in the total sum of $1,-900. At the trial "defendant, in open court, admitted that plaintiff was entitled to judgment for the amount sued for in the petition." The trial then proceeded on the counter-claim and resulted in a verdict for plaintiff for the account and against the defendant on the counterclaim.

The court instructed the jury to find for plaintiff for the amount sued for, naming the sum, and interest, naming the amount, making a total which the court stated to be $1,277.40. This instruction is objected to on the ground that the court should have simply directed a finding for plaintiff and left the jury to fix the amount. We are cited to a class of cases where the Supreme Court and this Court have decided that the trial court must not direct the jury as to the amount they shall find, nor calculate the interest for the jury and direct them to find that sum. [Cates v. Nickell, 42 Mo. 169; Burghart v. Brown, 60 Mo. 24; Poulson v. Collier, 18 Mo. App. 583; Dyer v. Combs, 65 Mo. App. 148; Corbitt v. Mooney, 84 Mo. App. 645; Calkins v. Bank, 99 Mo. App. 509; Dawson v. Wombles, 111 Mo. App. 532; Kroge v. Modern Brotherhood, 126 Mo. App. 693.]

But those cases are not applicable; for here the admission of the defendant left no issue on the amount and was a *consent* that judgment should be for a certain sum, and the court, if there had been no counterclaim involved, could have discharged the jury and ren-

dered judgment on the admission. Besides, the admission that plaintiff was entitled to the judgment, left defendant without any right to complain on account of such judgment.

Defendant states here that "the entire controversy between the parties is with respect to the defective crank shaft"; and, in this connection, objection is made to that portion of plaintiff's instruction No. 8 which directed the jury that before they could find for defendant on its counterclaim the amount paid to plaintiff for the crank shaft, they must find that defendant fully complied in all respects with its contract for the sale of the crank shaft. The criticism is that the instruction is without support from the evidence, for the reason that the only contract on defendant's part was to pay for the shaft, and that, it was conceded, had been done. That the only other contract on defendant's part which had been mentioned in the trial was contained in the terms of the invoice made out by plaintiff, which had been excluded by the court. A consideration of the criticism has satisfied us that the part of the instruction objected to could not have, in any way, affected the result, and was therefore altogether harmless. We do not see how it could have influenced the jury against defendant. Especially must this be true in view of the fact that defendant asked and obtained from the court two instructions setting forth, in detail, what the contract was on the part of both plaintiff and defendant, and in one of them informed the jury of what defendant was not required to do in order to maintain the counterclaim. Instructions, thus bearing upon the same part of a case, should be read as a whole, and if in that way the law is correctly declared, there is no error. [Chambers v. Chester, 172 Mo. 461; Norton v. Kramer, 180 Mo. 536; McKinstry v. Transit Co., 108 Mo. App. 12; Hines v. Kansas City, 120 Mo. App. 190.]

A review of the various suggestions made by defendant against the judgment has not satisfied us that we have any right to interfere, and hence we affirm the judgment. All concur.