D. J. LANDERS, Administrator of the ESTATE OF FRANCIS S. HEFFERMAN, Deceased, Respondent, v. JOHN J. SCHNEIDER AND SCHNEIDER BROTHERS, a Partnership Composed of JOHN J. SCHNEIDER and S. W. SCHNEIDER, Appellants.

Springfield Court of Appeals, April 23, 1914.

1. **COUNTERCLAIMS: Damages Through Tort: Not Proper to Set up Against Contract in Different Transaction.** Damages arising out of a different transaction occasioned by a tort cannot be set up as a counterclaim to an action founded on a contract.

2. **APPELLATE PRACTICE: Error Not Affecting Merits: Harmless.** Where a petition prayed for $360 for rent due and unpaid and the written lease, stipulating a rental of $30 per month, was introduced in evidence and admitted by defendants to have been executed and defendant admitted that twelve months' rent was unpaid but pleaded a counterclaim, a judgment for plaintiff will not be reversed because the court made the computation to arrive at the amount to be awarded instead of leaving such computation to the jury.

3. **LANDLORD AND TENANT: Lease: Failure to Pay Rent: Remedies.** Where a landlord under a lease is entitled to claim a forfeit he may either obtain possession in a proper proceeding under the unlawful detainer statute or treat the lease as in force and sue for the rent, but he cannot combine the two.

180 App. 4

Appeal from Greene County Circuit Court.—*Hon. Alfred Page*, Judge.

REVERSED AND REMANDED (*with directions*).

*Hamlin & Seawell* for appellants.

(1) The relation of landlord and tenant existed between plaintiff and defendant and the defendant John J. Schneider as trustee for the co-partnership could have defended, or the defendants as a co-partnership are entitled to defend and prosecute their counterclaim. Geer v. Zinc Co., 126 Mo. App. 173; Roth Tool Co. v. Champ Spring Co., 93 Mo. App. 537; Hines v. Ecker, 34 Mo. App. 650; American Central Ins. Co. v. Railroad, 74 Mo. App. 89; State ex rel. v. Allen, 124 Mo. App. 476; Green v. Conrad, 114 Mo. 655; Scharff v. Southern Illinois Construction Co., 115 Mo. App. 157. (2) The evidence introduced and admitted by the court entitled the defendants to have the issues submitted to the jury. Roth Tool Co. v. Champ Spring Co., 93 Mo. App. 537. (3) The court erred in peremptorily instructing the jury to find the issues for the plaintiff in the sum of $360 and the possession of the property, and to find the issues for the plaintiff on defendants' counterclaim. The court invaded the province of the jury when it gave the peremptory instruction. Kroge v. Modern Brotherhood of America, 126 Mo. App. 693; Gates, Ad'm. v. Nickell, 42 Mo. 169; Benefit Association v. Swenson, 49 Mo. 449; Corbitt v. Mooney, 84 Mo. App. 645; Lederer v. Morrow, 132 Mo. App. 438; Dawson v. Wombles, 111 Mo. App. 532.

*Henry C. Young* and *Talma S. Heffernan* for respondent.

(1) A claim of a co-partnership cannot be off-set against a claim of a creditor of one of the individuals of that co-partnership. Finney v. Turner, 10 Mo. 208;

Lamb v. Broskie, 38 Mo. 51; Weil v. Jones, 70 Mo. 560; Payne v. O'Shea, 84 Mo. 129; Bagnell T. Co. v. Railroad Co., 180 Mo. 421; Cale v. Armour, 153 Mo. 350; Huston v. Tyler, 140 Mo. 264. (2) The assignment of a written lease, or the consent to such assignment cannot be shown by paroi, but the evidence thereof must be in writing. Nally v. Reading, 107 Mo. 350; Teifenbrun v. Teifenbrun, 63 Mo. App. 253. (3) The whole contract by which John J. Schneider took title to the lease is conclusively presumed as a matter of law to have been embraced in the written assignment thereof, and in the written consent thereto executed by plaintiff's decedent. Dexter v. MackDonald, 196 Mo. 373.

FARRINGTON, J.—This case was tried on an amended petition filed by the administrator of the estate of Francis S. Heffernan, deceased, setting up a lease of a storeroom and charging that the rent for the months of March, April, May, June, July, August and September, of the year 1912, was due, and that upon demand defendant John J. Schneider (who was the sole defendant named in possession in the petition) refused to pay the same. Judgment was asked for the recovery of the premises and for the accrued rent amounting to three hundred and sixty dollars, together with one hundred dollars as damages alleged to have been sustained by reason of the unlawful detention of the premises.

The court permitted one S. W. Schneider to file an answer with the defendant John J. Schneider in which it is alleged that the lease (originally made to one Follette) had by written assignment and written consent of the lessor been transferred to John J. Schneider, and that such transfer was in fact made to John J. Schneider for the use and benefit of the firm of Schneider Brothers, a partnership composed of John J. Schneider and S. W. Schneider. As a counterclaim,

the members of this firm alleged that they were operating a bakery and confectionery shop in the leased storeroom; that while they were so conducting said business the plaintiff lessor attempted to put a second story on the building; that through his negligence he permitted the roof to fall in upon the room occupied by defendants thereby damaging them; and that said roof having fallen in, heavy rains damaged the goods and property of the defendants. The items of loss are set forth in the counterclaim, such as damages to cookies, pies, cakes, candies, sugar, flour, cigars, etc.; and further, that for a few days between September the sixteenth and October the sixteenth their place of business was closed by reason of which they lost a large amount of trade because their customers were forced to go elsewhere to purchase goods. They ask judgment for one thousand dollars.

The reply admits that defendants are in possession of the premises, and alleges a misjoinder of parties defendant as well as an improper defense to plaintiff's cause of action in that the plaintiff's claim is based on the written contract of lease whereas the defendants' counterclaim is based on a tort alleged to have been committed owing to the negligent manner in which plaintiff attempted to add a second story to the building.

To sustain the cause of action, plaintiff introduced the lease, and it was then admitted in open court that the plaintiff is the duly qualified and acting administrator of the estate of Francis S. Heffernan, and that all the rent due from October the first, 1911, to September the first, 1912, was unpaid. It is unnecessary to detail other offers by the plaintiff for a proper disposal of the questions before us.

The defendants called a witness, whereupon plaintiff objected to the introduction of any testimony for the reason that the answer filed failed to state facts sufficient to constitute any cause of action on defend-

Landers, Adm'r. v. Schneider Brothers.

ants' counterclaim, and for the reasons set up in plaintiff's reply.

Defendants were permitted to prove some of the allegations in their answer, and this, together with the offer to prove others, constituted their case.

The court at the conclusion of all the evidence gave a peremptory instruction, and in accordance therewith the jury returned a verdict for the plaintiff in the sum of three hundred and sixty dollars, the amount asked for in the petition as accrued rent, and for possession of the premises, and in favor of the plaintiff on defendants' counterclaim. Judgment was entered accordingly and defendants perfected an appeal.

The judgment in this case was for the right party for the reason that the plaintiff sued on a contract for rent admitted to be unpaid and possession admitted to be in the defendants. Defendants attempted to defeat plaintiff's action by setting up a counterclaim which is based on a tort—the trespass of the landlord. It is settled in this jurisdiction that a cause of action such as was stated by the defendants will not avail as a counterclaim to an action on a contract for rent. The alleged trespass in no wise arose out of the contract or transaction set forth in the petition as the foundation for plaintiff's claim, and was in no way connected with the subject of the action, nor did it arise out of any contractual relation, and thus it fails to fall within the tests for counterclaims laid down in section 1807, Revised Statutes 1909. The damages sought to be recovered by defendants to offset plaintiff's cause of action are alleged to have been occasioned by the wrongful trespass committed by the plaintiff. A very similar case is that of Dimmock v. Daly, 9 Mo. App. 354, which has been approved by the Supreme Court and we think correctly declares the law. It has been often held that damages arising out of a different transaction occasioned by a tort cannot be set up as a

counterclaim to an action founded on a contract. [Wilkerson v. Farnham, 82 Mo. 672; Gantt v. Duffy, 71 Mo. App. 91; Bank of Houston v. Kirkman, 156 Mo. App. 309, 320, 137 S. W. 38; Caldwell v. Ryan, 210 Mo. 17, 108 S. W. 533.]

The cause of action alleged by the defendants was not such that the tort could be said to be waived and the action treated as one in assumpsit, and hence does not fall within the rule announced in Crane v. Murray, 106 Mo. App. 697, 80 S. W. 280.

It follows that the trial court properly directed a verdict for the plaintiff and against the defendants on their counterclaim.

Our attention has been directed to the cases in this State holding that the court cannot compute interest but must leave that task to the jury (Johnson v. Grayson, 230 Mo. l. c. 407, 130 S. W. 673; Corbitt v. Mooney, 84 Mo. App. 645; Locher v. Kuechenmiester, 120 Mo. App. l. c. 723). This case, however, differs from those where interest is to be computed. In a suit for money, the petition ordinarily prays judgment for the principal amount with interest which must be figured up to the day of the rendition of the verdict and hence calls for a computation up to that day. The court does fix the amount of the principal sum to be recovered and it has never been held that in doing so the court is invading the province of the jury. In the present case the petition prayed for the sum of three hundred and sixty dollars, the amount being based on a written lease calling for a rental of thirty dollars per month and an allegation in the petition that that sum represented the amount of rent due and unpaid. The lease was introduced in evidence without objection. The defendants, indeed, pleaded a counterclaim recognizing the existence of the lease, and admitted that a period of twelve months' rent remained unpaid. Upon the principle of the maxim that that is certain which may be made certain, the admission of the defendants was that

under the lease there was three hundred and sixty dollars due, and the only defense offered assumed the form of a counterclaim founded upon a trespass—and it was around this counterclaim that the battle waged. There was no issue made or offered by the defendants as to the existence of the lease or as to any part of the rent for the twelve months' period being unpaid. This is not a case of uncontroverted parol testimony offered by the plaintiff, but of documentary evidence coupled with the admission of the defendant as to the verity of which he is of course bound in the most solemn manner. When we are confronted with a case where there has been a computation of interest by the court rather than by the jury it will be our duty to follow the last previous ruling of our Supreme Court. We do not feel disposed, however, to broaden the application of the rule referred to and overturn a solemn judgment, because, forsooth, the court did not put the jury through the ceremony of multiplying thirty by twelve in a case where the thing which was certain was made certain by documentary evidence coupled with an admission of the defendant. We find some support for this position in the case of Sizer Forge Co. v. Weber Gas & G. E. Co., 135 Mo. App. 86, 115 S. W. 507.

The petition in this case was based on a cause of action for money due as rent covering a period of twelve months and contains no allegation that would warrant a recovery of the possession; in fact, it counts on the lease and recognizes the liability on the same up to the day of judgment; and while it is true there is a prayer for the possession, the petition evidently was not framed with a view of recovering the possession. The landlord, having treated the lease as in full force and effect up to the date of judgment should not be allowed in one breath to recover his rent under the lease and in the next claim that the lease is forfeited. Where a landlord has leased premises and under the lease he is entitled to claim a forfeit, he has two reme-

dies, one to obtain possession of the premises—and it would seem that under the law of this State that action must be brought in a proper proceeding under the unlawful detainer statute (Turner v. Johnson, 95 Mo. 431, 7 S. W. 570) ; the other, to treat the lease as in force and sue for the rent (Edmunds v. Missouri El. L. & P. Co., 76 Mo. App. 610). As it appears from the petition herein that the latter course was pursued, the landlord could not properly under this petition ask for rent and possession in the suit in the circuit court.

The judgment is reversed and the cause remanded with directions to the circuit court to enter judgment for the plaintiff for the sum of three hundred and sixty dollars. *Robertson, P. J.,* and *Sturgis, J.,* concur.