## ARCHIE B. BERRYHILL, Respondent, v. THE SUPREME TRIBE OF BEN HUR, Appellant.

### Kansas City Court of Appeals, December 9, 1912.

FRATERNAL INSURANCE: Evidence: Payment of Dues. A member of a fraternal society who took out a beneficiary certificate was required to pay dues monthly in advance on the first of each month; but if not paid on that day, there were days of grace until the 25th, when, if not paid, the certificate would be forfeited. The secretary of the association, who collected dues, testified that the member paid from November 25 to December 25, and the member died January 19 following. It was *held* the certificate was still valid and that the trial court rightly directed a verdict for the plaintiff.

Appeal from Macon Circuit Court.—*Hon. Nat M. Shelton*, Judge.

AFFIRMED.

*Joseph Park* for appellant.

(1)   Admitting defendant to be a beneficiary association dispensed with proof thereof and the burden was on plaintiff to show compliance with its constitution and by-laws. It thereby admitted the allegation of the answer on that issue. Fillingham v. Transit Co., 102 Mo. App. 573. Sec. 108 of defendant's by-laws as pleaded in the answer suspends automatically a member for failing to pay his assessment before the end of each month. It is a fixed sum according to age. The proof showed the age of the deceased member thirty-one years and the assesment eighty-seven cents per month for benefit certificate. The receipt issued to her, plaintiff's exhibit B, for the November dues or asessment without pretense of contradiction or explanation had been altered by the plaintiff himself after his wife's death for the fraudulent purpose of making it appear to be a receipt for December dues or assessment

which would put her in good standing during the month
of January during which time she died. Thus the sole
issue was as to whether she was a beneficial member
in January, 1909, and should have been submitted to
the jury or a verdict instructed for defendant. Winn
v. Modern Woodmen, 157 Mo. App. 1; Gannon v. Gas
Co., 145 Mo. 516. (2) The court invaded the province
of the jury and the settled law by instructing the jury
to find for plaintiff $1000 with six per cent annual inter-
est from a certain date to a certain date, *id certum
est certum*. Gates v. Nickle, 42 Mo. 169; Binghart v.
Brown, 60 Mo. 24; Dyer v. Coombs, 65 Mo. App. 151;
Polson v. Collier, 18 Mo. App. 583; Ryors v. Priors, 31
Mo. App. 555; Corbett v. Mooney, 84 Mo. App. 645;
Connelly v. Railroad, 120 Mo. App. 661; Lederer v.
Morrow, 132 Mo. App. 438; R. S. 1910, Sec. 1993.

*John T. Barker* for respondent.


ELLISON, J.—This action is on a benefit certifi-
cate of insurance in favor of plaintiff, the surviving
husband of the insured. The judgment in the trial
court was for the plaintiff.

The trial court directed a verdict for plaintiff, and
the principal question is whether the evidence as to
payment of dues justified that instruction. It ap-
pears that deceased took out the certificate of insur-
ance, dated October 17, 1908, and that she died on Jan-
uary 19th thereafter, being a little over three months.
Dues were payable on the first of each month, but the
member had, as days of grace, up to the 25th of each
month, until which time she remained in good standing,
but if not then paid the certificate became void. It is
conceded deceased did not pay for January, but hav-
ing died on the 19th of that month, six days before the
25th, she was therefore in good standing if she paid for
the month of December preceding. There was some
confusing evidence as to whether a certain receipt for

dues had been altered, but on the fact of payment for December the record leaves no room for doubt. Defendant's secretary, who collected the dues, was a witness for defendant and her testimony was explicit that the dues were paid from November 25 to December 25. The next dues were payable January first, but her days of grace did not expire until January 25, and she died in the meantime. She therefore died in good standing and the amount of the policy was then due her beneficiary.

It seems that difference of understanding of her testimony arose between counsel while she was testifying and she was therefore had to state and repeat that deceased paid her dues. She said that in joining the lodge in October her dues were paid up to November 25; and that she receipted her November 25, not for back dues, but for dues up to December 25. She then repeated this in answer to other questions after being warned that the desire was to avoid all misunderstanding of what should be considered her testimony. She said she gave the receipt in payment from November 25 to December 25, and that she "wanted to stand on that." The trial court could do no less than accept the proof as thus offered, and was therefore right in directing a verdict for plaintiff.

There is no valid objection to the form of the peremptory instruction for plaintiff. The face of the record concedes that plaintiff was entitled to recover the face of the certificate and interest thereon, and the jury were directed to calculate the amount of such interest. [Kroge v. Modern Brotherhood of America, 126 Mo. App. 693.] The authorities cited by defendant on this head are not applicable.

On the record the judgment was manifestly for the right party and it is therefore affirmed. All concur.