FIRST NATIONAL BANK OF WAUBAY, et al, Respondents,
v. HEROLD, et al, Appellant.

(229 N. W. 521.)

(File No. 6828.   Opinion filed February 28, 1930.)

*Dana Babcock,* of Sisseton, and *C. C. Bush,* of Waubay, for Appellant.

*Waddel & Dougherty,* of Webster, for Respondents.

BROWN, P. J. This action was on a note for $1,690, with interest at 10 per cent given by defendant Gust Herold to First National Bank of Waubay. Some two weeks after it was given, Ernestine Herold, the mother of Gust, at the request of the bank, also signed the note. On the trial it appeared that Gust Herold had done business with the bank for many years and at various times had more than one note outstanding in the bank. While the note in suit was pledged with the Federal Reserve Bank in Minneapolis, Gust made a payment of $440.40 to First National Bank of Waubay, which he testified was paid to apply on this note, and that he told the officer, to whom it was paid, to so apply it. The bank claimed that it applied $44.40 of the amount on interest on a note for $692.70 signed by Gust, but not by his mother, which it held. It transmitted $400 of the payment to the Federal Reserve Bank of Minneapolis, with instruction to credit it on the note, and that bank made the following indorsement on the note in suit:

"Pd: 10—13—24, $400, bal, $1290."

On November 17, 1924, Gust made another payment of $357.30 to the bank at Waubay, which bank then undertook to apply on the $692.70 note the $400 which had been paid upon and applied upon the note in suit, and also applied $297.30 of the $357.30 upon the $692.70 note, leaving a balance in the hands of the bank of $60 which the bank had not applied anywhere until the trial of this action on May 10, 1928, at which time it was admitted that the bank had $60 belonging to the Herolds (which in fact it had between three and four years), and conceded that this sum of $60 might be applied to the amount due on the note in suit.

When the note in suit was produced at the trial the endorsement of the $400.00 payment appeared thus:

"~~Pd: 10—13—24, $400, bal, $1290.~~"

At what time these two lines were drawn through the indorsement does not appear. The court instructed the jury that, if they should find in favor of plaintiff, their verdict should be for such sum as they should find from the evidence was due on the note, with interest as specified in the note. The jury found for the

plaintiff and assessed the damages at $1,690. After the entry of the verdict and the discharge of the jury the plaintiff made a motion to amend the verdict by including therein the sum of $840 interest, and on May 31st, nearly three weeks after the discharge of the jury, the court granted the motion, ordering the verdict amended by adding thereto $840, making the verdict in all $2,530, and entered judgment in this amount, from which judgment and order denying a new trial defendant Ernestine Herold appeals.

The only question demanding consideration is the right of the court to amend the verdict under the circumstances of this case. We are of the opinion that the trial court had no right or authority to change the verdict after it had been entered and the jury was discharged. There is no certainty that the jury had not already allowed interest on the amount they found to be due on the note. The jury may very well have believed that the $400 payment indorsed on the note in suit was intended by all parties to be applied on that note, and that the bank had no right to erase or cancel the endorsement, in which event the amount of the verdict, as rendered by the jury, would have been approximately the amount of the balance due on the note, with interest. In Parker v. Railway Co., 93 Mich. 607, 53 N. W. 834, 836, the court says: "There is no warrant for correcting a verdict after the discharge of the jury. Such a practice is open to serious objection and gross abuse." See, also, Dyer v. Combs, 65 Mo. App. 148.

We do not say that in no case may a verdict, after it is entered, be amend by adding interest to the amount thereof, but we are satisfied that, under the circumstances disclosed by the record in the instant case, it was error to attempt such amendment.

The judgment and order appealed from are reversed.

POLLEY, SHERWOOD, CAMPBELL, and BURCH, JJ., concur.